265 So.2d 547 (1972)
The STATE of Florida ex rel. Willie Preston KENNEDY, Jr., Relator,
v.
James A. McCAULEY, As Judge of the Court of Record, Broward County, Florida, Respondent.
No. 72-468.
District Court of Appeal of Florida, Fourth District.
August 3, 1972.
*548 Norman D. Zimmerman, Pompano Beach, for relator.
Robert L. Shevin, Atty. Gen., Tallahassee, and Andrew I. Friedrich, Asst. Atty. Gen., West Palm Beach, for respondent.
OWEN, Judge.
Willie Preston Kennedy, Jr. filed in this court a Suggestion for Writ of Prohibition asking that we prohibit a judge of the Court of Record of Broward County, Florida from exercising further jurisdiction in a pending criminal proceeding against relator. A prima facie case having been made, we issued a Rule to Show Cause and the matter is now before us for final disposition on the basis of the respondent's return, briefs of the respective parties and oral argument of counsel.
The relator was arrested on December 25, 1970, for robbery of one Mark John Thorpe on the preceding day. Six days later, no information having been filed, relator obtained his release from custody by virtue of writ of habeas corpus. On January 22, 1971, an information was filed charging relator with the December 24th robbery of Mark John Thorpe and some 15 months later, on April 17, 1972, relator was arrested upon this information. Relator immediately filed a motion for discharge under Rule 3.191 CrPR, 33 F.S.A., which motion respondent denied after an evidentiary hearing on April 21, 1972. Respondent then set the case for trial and relator sought the aid of this court to prohibit respondent from exercising further jurisdiction in the matter.
Because relator was taken into custody prior to March 1, 1971 (the effective date of Rule 3.191 CrPR) and because he had been released from custody and had made no demand for a speedy trial, the state had until November 1, 1971, to commence his trial. Rule 3.191(i) (2) CrPR. The state having failed to bring relator to trial by that date, relator was entitled to a discharge from the crime under Rule 3.191 upon motion timely filed, provided he had been continuously available for trial between the time he was initially taken into custody and November 1, 1971. At the hearing on relator's motion, both the state and relator recognized that the sole issue to be determined by respondent was whether relator had been continuously available for trial during the requisite period of time.
Under the clear provisions of Rule 3.191(e) CrPR the state has the initial burden to present some evidence tending to show non-availability of the accused, and once the state has met this initial burden, the accused then must establish by competent proof his continuous availability during the requisite period of time. Despite the clear and unequivocal language of the rule the state did not present any evidence tending to show non-availability of the accused, limiting its presentation to a recital by the prosecutor as to the initial arrest, subsequent release, filing of the information and the ultimate execution of the arrest warrant. At this point, the court placed relator under oath and interrogated him, as a result of which relator testified in substance that he was on probation which dated back prior to his arrest in December, 1970; that he was still living at the same address *549 where he had lived continuously since prior to his arrest in December, 1970; that during the entire probation period he had been making regular periodic reports to his probation officer; and that he was and had been regularly employed in a gainful occupation. The probation officer was called by the court as a witness and he fully corroborated relator's testimony concerning the latter's continuous residence at the present address and the regularity of his reporting to the probation officer. The witness also testified that when he recently became aware of the fact that the sheriff's department was holding an outstanding warrant for relator's arrest which had not been served because of an incorrect address, the witness furnished the correct address which resulted in the April 17 arrest.
First of all, we hold that the state failed to carry the initial burden upon it to present any evidence tending to show non-availability of the accused. Even were we to assume that due to the informal nature of the hearing the testimony of the probation officer could be considered as having been adduced on behalf of the state, the fact that the Broward County Sheriff's Department had an incorrect address for relator, standing alone, is simply insufficient to show non-availability of the accused. Secondly, we hold that even had the state met its initial burden, the relator fully met any burden upon him to establish by competent proof his continuous availability during the requisite period of time. No question of credibility is involved here as the recorded proceedings reflect that the respondent accepted as true the testimony offered by relator and by relator's probation officer.
We conclude that relator was entitled to have been discharged from the crime, the effect of which is to operate as a bar to prosecution thereof by virtue of Rule 3.191 (h) (1) CrPR and that respondent should be and is hereby prohibited from exercising further jurisdiction in this particular criminal proceeding now pending against relator in Case No. 71-2534, other than entering an appropriate order of dismissal therein.
Writ of Prohibition granted.
WALDEN and MAGER, JJ., concur.