278 So.2d 334 (1973)
William L. DARA, Appellant,
v.
The STATE of Florida, Appellee.
David Clark HARNER, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 72-1269, 73-19.
District Court of Appeal of Florida, Third District.
May 29, 1973.
Phillip A. Hubbart, Public Defender and Steven Lipton, Asst. Public Defender, for Dara.
Harvey Silverman, Miami, for Harner.
Robert L. Shevin, Atty. Gen. and William L. Rogers, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and PEARSON and CHARLES CARROLL, JJ.
PER CURIAM.
The appellants were convicted of grand larceny, breaking and entering, with intent to commit a felony, to wit: grand larceny and breaking and entering with intent to commit a misdemeanor, to wit: petit larceny. They were represented by private counsel during the trial. Subsequently, the public defender was appointed to represent both of them for purposes of appeal and filed assignments of error, which urged error in the denial of the motion for directed verdict, denial of the motion for judgment of acquittal, and error in denying motion for new trial.
During the pendency of the appeal, upon representations that the appellant Harner had retained private counsel, the public defender was relieved of the responsibility of representing said appellant in this court. Thereafter, private counsel filed a motion for supersedeas on behalf of the appellant Harner, which was denied without prejudice. Subsequently, the public defender's office filed its brief on behalf of the appellant Dara, and requested to amend his assignments of error to add an additional assignment contending that the court erred in failing to bring said appellant to trial within a period of 180 days, under the applicable rule, Rule 3.191(a)(1) CrPR, 33 *335 F.S.A. The State responded to this brief and this court, by due notice, set the matter for oral argument as to both appellants with notices having been sent in due course to private counsel for the appellant Harner and to the public defender's office.
In addition to not filing a brief on behalf of the appellant Harner, his private counsel did not appear for oral argument. Notwithstanding the failure to file a brief on the only assignments of error applicable to the appellant Harner [those originally filed by the public defender], we have examined the record in light of these alleged errors and find them not to be well-taken and, therefore, affirm the conviction as to the appellant Harner although his appeal is subject to dismissal for failure to comply with the appellate rules. Prevatt v. Link, Fla.App. 1958, 107 So.2d 37; Ferrell Jewelers of Tampa, Inc., v. Southern Mill Creek Products Company, Inc., Fla. 1967, 205 So.2d 657; Hemmerle v. City of Wilton Manors, Fla.App. 1971, 251 So.2d 146; Rule 6.13, F.A.R., 32 F.S.A.
Turning to the appellant Dara, the only point preserved on appeal was raised by the supplemental assignment of error that he was not tried within 180 days of his arrest. This is readily apparent on the record, he having been arrested on July 30, 1971 and not tried until March 13, 1972. However, the record discloses that he was released on bond; that on September 22, 1971 his bondsman was notified to produce him for arraignment scheduled on September 30, 1971; that said appellant failed to appear for arraignment, and the court ordered the bond estreated. Thereafter, the appellant with his counsel did appear and the court vacated the estreature on October 14, 1971 and quashed an alias summons that had been issued for him.
The State contends that the failure to appear at arraignment demonstrated that the appellant was not continually available for trial and, therefore, it was incumbent upon the accused [the appellant Dara] to show by "competent proof" continuous availability. Rule 3.191(e), CrPR. This record lacking any proof to establish continuous availability, we find merit in the State's contention and affirm the conviction of the appellant Dara here under review.
Affirmed.