PER CURIAM.
Relator has filed in this court her suggestion for a writ of prohibition.
The suggestion and attached exhibits reveal that relator was taken into custody on the charge of assault without intent to kill on November 5, 1972. Those charges were dismissed on December 11, 1972, and refiled on December 21, 1972. Due to a mailing error on the part of the state, relator did not appear at a scheduled hearing on January 12, 1973, and an alias capias was issued. Relator appeared February 1, 1973 for arraignment and entered a plea of not guilty. On March 12, 1973, the date of trial, relator and counsel were present but the state was granted a continuance. Relator and counsel again appeared for trial on the new date of April 9, 1973, but they were told that they were on stand-by and would be notified. It then appears that trial was set down for May 14, 1973, which would have fallen outside of the 180 day speedy trial period of GrPR 3.191(a)(1), 33 F.S. A.[1] Recognizing this fact, the state moved, without written motion or notice to relator or her counsel, to set the trial date up to Monday, April 30, 1973, so as to be within the speedy trial period. The court granted the motion and relator’s attorney’s secretary was so notified by phone late that afternoon. Relator’s counsel appeared in court on Monday morning and spoke to the assistant state attorneys that were present and vehemently protested this short notice and then left the courtroom due to other scheduled trials. He left a note for the court as to his whereabouts. The case was called on April 30th and relator and her counsel were not present and could not be located. Thereupon, alias capias was issued for relator and trial was eventually set for June 25, 1973, well past the May 6th speedy trial deadline.
Upon reviewing the record, and having heard argument of counsel it is our opinion that relator’s right to a speedy trial has been violated and that she is entitled to a discharge. We are of the belief that the respondent has not met the initial burden of showing that relator was not available for trial, after having been given due and proper notice of her required appearance. Moreover, even were we to assume that the respondent has met the initial burden, the relator has fully met any burden upon her to establish her continuous availability during the requisite period of time. See: State ex rel. Kennedy v. McCauley, Fla.App.1972, 265 So.2d 547.
*73 Thus, it having been made to appear that relator’s motions for discharge should have been granted, and that the respondent was without jurisdiction to further prosecute the cause, we hold that the relator is entitled to issuance of the writ of prohibition as sought herein. The rule nisi is made absolute.
Anticipating that an appropriate disposition of relator’s case will be made by respondent consistent with the views and holding expressed in this opinion, we proceed on the assumption that issuance of a formal writ of prohibition will not be necessary.
It is so ordered.

. The period would have run on May 6,1973.