BOYER, Chief Judge
(dissenting).
As in State ex rel. Kennedy v. McCauley, Fla.App. 4th 1972, 265 So.2d 547, the only issue sub judice is whether appellant was continuously available for trial between his initial arrest and the time that he filed his Motion for Discharge pursuant to Rule 3.191, RCrP. In my view that case is controlling and appellant clearly established his continuous availability. The State contends that it adduced sufficient evidence to constitute a prima facie showing that the accused made himself unavailable for trial by failing to respond to a notice of arraignment allegedly regularly mailed to him. In my view, the mere proof of the mailing of a notice of arraignment by the state, without more, does not support a finding that the accused made himself unavailable so as to avoid the mandate of Rule 3.191, RCrP. The State seeks solace in Dara v. State, Fla.App. 3d 1973, 278 So.2d 334. In that case the State contended, as here, that the failure to appear for arraignment demonstrated that appellant was not continually available for trial and that therefore it was incumbent upon the accused to show by competent proof continuous availability. The Court of Appeal found merit in the State’s contention reciting that the record in that case was “lacking any proof to establish continuous availability” (278 So.2d 335). On the contrary, sub judice the record is filled with proof that appellant •was continuously available. Not only did the uncontradicted proof establish that appellant was continuously physically available, but it also established that repeated inquiries were made on appellant’s behalf as to the charges against him.
I would reverse.