390 So.2d 441 (1980)
STATE of Florida, Appellant,
v.
Alexis Jeiselle COLLIE, Appellee.
No. 79-43.
District Court of Appeal of Florida, Fifth District.
November 19, 1980.
*442 Jim Smith, Atty. Gen., Tallahassee, and Edwin H. Duff, III, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, Ronald K. Zimmet, Chief, Appellate Division, Asst. Public Defender, and Carla Miller, Certified Legal Intern, Daytona Beach, for appellee.
SHARP, Judge.
The state argues that Collie, the defendant, should not have been discharged by the trial court under Florida's "speedy trial" rule,[1] because a notice of Collie's arraignment date was sent to her bondsman, although no one sent it to her, and she failed to appear at her arraignment. We affirm the discharge.
A summary of the events leading to Collie's discharge are as follows:

 January 10, 1979 - Defendant arrested for grand
 theft.
 January 11, 1979 - Defendant bonded by Earl
 W. Houk Bonding Agency,
 through Curtis Ward, an associate.
 March 30, 1979 - Information filed charging defendant
 with grand theft.
 April 3, 1979 - Court clerk sent notice of arraignment
 to bonding agency;
 agency failed to notify defendant.
 April 17, 1979 - Arraignment date; defendant
 failed to appear; capias issued.
 May 1, 1979 - Ed Houck arrested defendant
 and placed her in custody.
 May 24, 1979 - Arraignment; defendant appeared.
 May 25, 1979 - Defendant filed discovery motions.
 June 29, 1979 - State replied to discovery motions.
 July 9, 1979 - Speedy trial time (180 days)
 ran out.
 July 19, 1979 - Defendant filed motion for
 discharge.

At the hearing on the defendant's motion for discharge, the state argued the speedy trial rule should be tolled because the defendant failed to appear at the April 17, 1979 arraignment. Collie testified she resided continuously for many years with her parents and children at the same address given to the police and bondsmen. She failed to appear at her April 17 arraignment because no one (neither the state nor her bondsman) sent her notice or told her of the date. Houk's associate, Ward, lost his license and his absence apparently caused the agency's failure to notify Collie. Collie, however, did not know about Ward's problems at that time. The court records indicate the clerk notified only the bondsman of the arraignment date. The court found that the defendant did not receive notice of the arraignment date and she was continuously available for trial during the 180 day period following her arrest.
The issue in this case is whether Collie is chargeable with "constructive" notice of the arraignment given to her bondsman, and thus willfully "not available for trial" within the meaning of the "speedy trial" rule.[2] *443 No Florida cases answer this question. Smith v. Nesbitt, 355 So.2d 202 (Fla.3d DCA 1978) states (by way of dictum) that failure of a defendant (free on bond) to appear at his arraignment is "evidence" of his "non-availability for trial" under Florida Rule of Criminal Procedure 3.191(e). Upon the state's making such a showing, the defendant must then counter with proof that he was "continuously available." Nesbitt did not consider what would constitute such a showing. Similarly in Dara v. State, 278 So.2d 334 (Fla.3d DCA 1973), when the state objected to discharge because the defendant failed to appear at his arraignment, the defendant produced no proof of any kind regarding his "continuous availability" for trial.
In some contexts, courts hold that notice to a bonding company or surety is notice to the defendant. State v. United Bonding Ins. Co., 81 N.M. 154, 464 P.2d 884, 886 (1970); 10 Appleman, Insurance Law & Practice § 6092 (1943 & Supp. 1980). But these cases involve proceedings to forfeit a bond upon failure of the surety to bring the defendant before the court in compliance with its bonded undertaking to do so. The courts allow bonding companies few excuses for not producing the defendant: acts of God; acts of the obligee; or acts of war. State v. United Bonding Ins. Co., 464 P.2d at 887. The "constructive notice" fiction is a tool in the court's armory to hold sureties strictly liable.
The purpose and policies of Florida's "speedy trial" rule are so different than those involved in bond forfeiture cases, we cannot justify the application of the "constructive notice" rule in this context. The speedy trial rule is our Supreme Court's effort to clarify and implement a defendant's constitutional right to a speedy trial. State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla. 1971). The "right" belongs to the defendant, and the state has the "duty" to bring him to trial within the 180 day period.
A waiver of this right should not be based on a legal "fiction" such as "constructive notice" of an arraignment date. Nothing less than the defendant's actual knowledge of the date and willful failure to appear, or intentional avoidance or evasion of receiving notice,[3] which were not shown in this case, should be sufficient to waive a defendant's speedy trial right.[4]
We agree with the trial judge's views expressed at the hearing:
I think the state has to be treated fairly, but the accused certainly has to be treated fairly too. And I consider it a miscarriage of justice when proper notice is not sent to an accused, to give them an opportunity to make themselves available to the Court.
Because the defendant made a sufficient showing of being "continuously available" for trial under Florida Rule of Criminal Procedure 3.191(e), even though she did not appear at her arraignment, her discharge is affirmed.
AFFIRMED.
COWART, J., concurs.
COBB, J., dissents with opinion.
COBB, Judge, dissenting.
The defendant was arrested on January 10, 1979, on a charge of grand theft. She was bonded out the next day by a surety, *444 Earl W. Houk Bonding. Houk's associate handling the defendant's file, Curtis Ward, then lost his license and failed to notify the defendant of her arraignment on April 17, 1979. The defendant did not appear, and a capias issued, resulting in her arrest. Notice of the arraignment apparently had been sent by the clerk of the court to the bondsman, but no notice was sent directly by the clerk to the defendant, whose address remained the same throughout this period of time. The defendant was not taken to trial within the 180-day speedy trial period, and the trial court granted her motion for discharge on the basis that the state failed to present sufficient evidence of non-availability pursuant to Rule 3.191(e), Florida Rules of Criminal Procedure.
At the hearing on the motion for discharge, the defendant Collie testified that she failed to appear at arraignment as scheduled because her bonding agent's license was revoked and she did not receive notice from him. There was no evidence before the trial court that it had been brought to the attention of the court or its clerk, prior to the scheduled arraignment, that the license of the agent had been revoked. Had this fact been brought to the attention of the court, the defendant would have been subject to commitment at that point. Rule 3.130(h)(2), Fla.R.Crim.P. The essential question raised by the state's appeal is whether dual notice to the defendant and to the bondsman is required. It is my view that the answer is no.
When a defendant is released on bail, he is placed in the custody of the bondsman. 10 Appleman Insurance Law & Practice § 6092 (1943). By statute, the clerk of the court must give notice to the bondsman or surety of the hearing at which the defendant is to appear. § 903.26(1)(b), Fla. Stat. (1979). Ordinarily, a defendant who is on bail and who fails to appear in court pursuant to proper notice is unavailable for trial for purposes of the speedy trial time limits. State ex rel. Smith v. Nesbitt, 355 So.2d 202 (Fla. 3d DCA 1978); Dara v. State, 278 So.2d 334 (Fla.3d DCA 1973). For purposes of non-appearance, notice to the bondsman or surety is equivalent to notice to the principal. State v. United Bonding Ins. Co., 81 N.M. 154, 464 P.2d 884 (1970).
In the recent case of State v. Grooms, 389 So.2d 313 (Fla.2d DCA 1980) [1980 FLW 1979], our sister court was presented with the issue of whether notice to a defendant's attorney of the scheduled trial date constitutes notice to the defendant, even though no actual notice was received by the defendant himself. Its answer in the affirmative, with which I agree, cannot be harmonized with the majority opinion in the instant case. If notice to the defendant's attorney suffices to prevent a speedy trial discharge, then notice to the defendant's bondsman, whose sole function is to guarantee the appearance in court of the defendant and who is retained by the defendant to make that representation to the state, also should suffice to constitute a waiver of the 180-day period upon failure to appear.
Once the defendant failed to appear at her scheduled arraignment on April 17, 1979, after due notice to her bondsman, whose laxity is in no way chargeable against the state, the 180-day time limitation was waived. It then became incumbent upon the trial court, after defendant's arrest on the capias, to set a trial date which guaranteed her constitutional right to a speedy trial. See State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla. 1971); State v. Register, 380 So.2d 543 (Fla. 5th DCA 1980).
In the instant case the trial court found that "proper notice [was] not sent to [the] accused," and that notice only to the bondsman was insufficient as a matter of law. It was solely upon that basis that the motion for discharge was granted. There was no consideration by the trial court of the facts and circumstances of this individual case as they related to the constitutional right to speedy trial, separate and apart from its procedural implementation (the 180-day formula), which had been waived by the non-appearance. See Butler. The record suggests that prosecution following the initial arrest was less than diligent, but this was not the basis of the order of discharge.
*445 I would reverse, and remand for consideration of the motion for discharge by the trial court without consideration of the 180 day time period.
NOTES
[1] Fla.R.Crim.P. 3.191(a)(1).
[2] Florida Rule of Criminal Procedure 3.191(e) provides:

The trial of an accused who is not available shall be held in abeyance while such person is unavailable. A person who has not been continuously available for trial during the term provided for herein is not entitled to be discharged; no presumption of non-availability attaches, but if the State objects to discharge and presents any evidence tending to show non-availability, the accused then must by competent proof establish continuous availability during the term.
If an accused voluntarily removes himself from the jurisdiction of the court or otherwise acts to make himself unavailable for trial, the right to trial within the time herein provided shall on motion by the State be voidable by the court in the interests of justice. Upon such accused becoming available for trial and upon notice thereof by the accused or his counsel to both the court having jurisdiction over the trial and to the office of the prosecutor, or upon being retaken into custody, the time within which trial is to commence shall be as herein provided and begin anew.
[3] See Williams v. State, 383 So.2d 722 (Fla. 1st DCA 1980).
[4] See Brookhart v. Janis, 384 U.S. 1, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966); Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).