MILLS, Judge.
Wiggins petitions this Court for a writ of prohibition, contending that he is entitled to be discharged because he was not brought to trial within 180 days of his arrest as required by Rule 3.191(a)(1), Florida Rules of Criminal Procedure. We agree and grant the petition.
On 7 September 1982, Wiggins was arrested for attempted armed robbery. He was subsequently released on bond, and arraignment was set for 18 October 1982. Wiggins failed to appear for arraignment, however, and the trial court ordered that a capias be issued. For some unknown reason, no capias was issued until 13 September 1983, almost a year after the arraignment date. Subsequently, Wiggins filed a motion for discharge, contending that any attempt to bring him to trial would violate his right to a speedy trial.
At the hearing on this motion, L.R. Evans, Wiggins’ bondsman, testified that he had received notice prior to 18 October 1982 that Wiggins was to be in court on that date. Evans telephoned what he *1090 thought was Wiggins’ home and left word with some unidentified person that Wiggins was to appear for arraignment on 18 October. However, Wiggins testified that he was never notified of his arraignment date.
The State contends that Wiggins had constructive notice of his arraignment date by virtue of the notice to Evans. We disagree with that contention and'adopt the reasoning of the majority opinion in State v. Collie, 390 So.2d 441 (Fla. 5th DCA 1980). Thus, Wiggins was not “unavailable for trial” within the meaning of Rule 3.191(e), Florida Rules of Criminal Procedure, and he was therefore entitled to be tried on the offense charged within 180 days of his arrest.
The petition is granted and the trial court is instructed to discharge Wiggins.
THOMPSON and WIGGINTON, JJ., concur.