451 So.2d 893 (1984)
Jeffrey William CLINTON, Appellant,
v.
The STATE of Florida, Appellee.
No. 83-1364.
District Court of Appeal of Florida, Third District.
May 29, 1984.
Rehearing Denied July 3, 1984.
*894 Bennett H. Brummer, Public Defender and Bruce A. Rosenthal and Karen Gottlieb, Asst. Public Defenders, for appellant.
Jim Smith, Atty. Gen. and G. Bart Billbrough, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and NESBITT and BASKIN, JJ.
PER CURIAM.
Despite the fact that the speedy trial time had expired, the defendant's motion for discharge was denied. The record shows that Clinton did not violate any order of court or other duty to respond and concededly did not receive the notice of his required appearance solely because, through no fault of his own, the prosecution sent it to an incorrect address. On these facts, the delay cannot be attributed to the defendant, who, in turn, may not therefore be deemed "unavailable for trial" under Fla.R.Crim.P. 3.191. State ex rel. Smith v. Nesbitt, 355 So.2d 202 (Fla. 3d DCA 1978); State v. Collie, 390 So.2d 441 (Fla. 5th DCA 1980), rev. denied, 399 So.2d 1146 (Fla. 1981); Richardson v. State, 340 So.2d 1198 (Fla. 4th DCA 1976); State ex rel. Kennedy v. McCauley, 265 So.2d 547 (Fla. 4th DCA 1972); V.C. v. Ferguson, 422 So.2d 861 (Fla. 3d DCA 1982), aff'd, 427 So.2d 722 (Fla. 1983); State ex rel. Covington v. Rowe, 281 So.2d 71 (Fla. 3d DCA 1973). For this reason, the judgment below, entered pursuant to a nolo plea which preserved the point, is
Reversed.