PER CURIAM.
The defendant Richard Thomas Miller appeals his judgments of conviction and sentences for burglary of a dwelling and grand theft entered after trial below. He contends inter alia that the trial court erred in denying his motion for discharge under the speedy trial rule. We agree and reverse.
It is clear that the defendant was not tried within 180 days of his felony arrest, although he was continuously available for trial during this time, and, absent a waiver, is entitled to discharge under Fla.R.Crim.P. 3.191(a)(1). The trial court ruled, however, that the defendant waived his speedy trial rights under Fla.R.Crim.P. 3.191 when he requested and obtained a one-day postpone *868 ment of his “arraignment” in this cause from February 10, 1983 to February 11, 1983. We cannot agree.
On February 11, 1983, the state announced a “no information” in the case and no arraignment was held; the only thing delayed, then, by the defendant was a nolle pros announcement by the state, not an arraignment, which announcement did not require the defendant’s presence in court. See Fla.R.Crim.P. 3.180(a). No doubt even this delay would not have been occasioned had the court calendar been correctly marked. Under these circumstances, we conclude that the defendant did not delay the orderly prosecution of his case and, accordingly, did not waive his speedy trial rights. See Butterworth v. Fluellen, 389 So.2d 968 (Fla.1980). He was entitled to discharge. Fla.R.Crim.P. 3.191(a)(1).
The judgments and sentences under review are reversed and the cause is remanded to the trial court with directions to discharge the defendant.
Reversed and remanded.