524 So.2d 1157 (1988)
The STATE of Florida, Appellant,
v.
Eufemia VELIZ, Appellee.
No. 87-2302.
District Court of Appeal of Florida, Third District.
May 17, 1988.
Robert A. Butterworth, Atty. Gen. and Mark S. Dunn, Asst. Atty. Gen., for appellant.
Samek & Besser and Lawrence Besser, Miami, for appellee.
Before SCHWARTZ, C.J., and HENDRY and FERGUSON, JJ.
*1158 SCHWARTZ, Chief Judge.
The issue in this case, apparently one of first impression, is whether the state is entitled to the fifteen days of grace provided by Florida Rule of Criminal Procedure 3.191(i)(4), after the ninety days provided for trial by Rule 3.191(d)(3) upon the denial of an inappropriate motion for discharge have elapsed. The trial judge ruled in the negative, holding that the defendant was entitled to immediate discharge in these circumstances. We hold to the contrary and reverse the order of dismissal under review.
The underlying facts are undisputed. The appellee Veliz was arrested on a cocaine trafficking charge on June 9, 1986. More than 175 days later, on April 16, 1987, she filed a motion for discharge under the speedy trial rule which, all sides agree, was correctly denied by the trial court on April 21, 1987 because the defendant had taken one or more continuances in the meantime. These events invoked Florida Rule of Criminal Procedure 3.191(d)(3), which provides in pertinent part:
(d)(3). Delay and Continuances: Effect on Motion.... If the court finds that discharge is not appropriate for reasons under (d)(3)(ii), (iii), or (iv), the pending motion for discharge shall be denied provided however, trial shall be scheduled and commenced within 90 days of a written or recorded order of denial.
On July 24, 1987, beyond this ninety day period, Veliz again moved for immediate discharge. The state argued that the motion could not properly be granted because of the applicability of Rule 3.191(i)(3) and (i)(4):
(i) Remedy for Failure to Try Defendant within the Specified Time.
* * * * * *
(3) In the case of a defendant charged with a felony, the defendant may, at any time after the expiration of the prescribed time period, file a motion for discharge.
(4) No later than 5 days from the date of the filing of a motion for discharge, the court shall hold a hearing on the motion, and unless the court finds that one of the reasons set forth in section (d)(3) exists, shall order that the defendant be brought to trial within 10 days. If the defendant is not brought to trial within the 10 day period through no fault of the defendant, the defendant shall be forever discharged from the crime.
On the ground that the five and ten day window periods of 3.191(i)(4) did not apply to the ninety day period for trial stated in 3.191(d)(3), the trial judge dismissed the prosecution on the spot. We do not agree.
It is true that a degree of uncertainty is injected into the situation by the fact that Rule 3.191(d)(3) does not specifically refer to subsection (i). Compare Fla.R.Crim.P. 3.191(a)(2), (4); 3.191(g). Nevertheless, reading the rule as a whole, see Jones v. Seaboard Coast Line R.R., 297 So.2d 861 (Fla. 2d DCA 1974), and considering the underlying purpose of the 1985 amendments, which was to eliminate the kind of automatic speedy trial dismissal which occurred below, see Zabrani v. Cowart, 502 So.2d 1257, 1258-59 (Fla. 3d DCA 1986), aff'd, 506 So.2d 1035 (Fla. 1987), we think it clear that subsection (i)(4) applies to the situation at hand.
We come to this conclusion by the following line of reasoning. Across the 3.191 board, the sole remedy available when any "prescribed time period" has run is a motion to discharge. Florida Rule of Criminal Procedure 3.191(i)(3) unequivocally so provides. Indeed, filing such a motion, which is exactly what Veliz did below, is the only procedural means by which a defendant may trigger any right whatever afforded by the speedy trial rule. See Lowe v. Price, 437 So.2d 142 (Fla. 1983); Zabrani v. Cowart, 502 So.2d at 1259. The consequences of a well-taken motion to discharge are then, in turn, clearly prescribed by the following subsection, (i)(4). That provision, including its five and ten day grace periods, applies on its face and without limitation to all of the speedy trial requirements set forth in the various subsections of the speedy trial rule, pointedly not excluding (d)(3).
Our holding to this effect requires that the order of discharge be reversed and the *1159 cause remanded for further appropriate proceedings.
Reversed and remanded.