## POTTS v STATE OF FLORIDA
### Case No. 89-4AC10 (County Court Case No. 88-14009MM10)
Seventeenth Judicial Circuit, Broward County
August 3, 1989

### APPEARANCES OF COUNSEL

Robert A. Delegal, P.A., for appellant.

Ellen B. Pilelsky, Assistant State Attorney, for appellee.

### OPINION OF THE COURT

RICHARD D. EADE, Circuit Judge.

THIS CAUSE having come before this Court upon appeal of the Trial Court's Denial of Appellant's Motion for Discharge, and the Court having received and reviewed appellate briefs, and being fully advised in the premises, makes the following findings of facts and conclusions of law:

FINDINGS OF FACTS:

1. On or about June 3, 1988 the Appellant, Robert Potts, was arrested for Driving under the Influence contrary to Fla. Stat. § 316.193(1).

2. A notice of arraignment for July 20, 1988 was mailed to Appellant's address of record. The Appellant failed to appear and a capias was issued. Appellant was informed by his bondsman on July 21, 1988 that he had failed to appear for the July 20th hearing.

3. Appellant testified that his attorney informed him not to re-set the court date but to wait for the clerks office to contact him. The court date was re-set for September 13, 1988. On November 29, 1988 the appellant filed a motion for discharge. The motion was denied and this appeal followed.

BASED ON THE FOREGOING THIS COURT MAKES THE FOLLOWING CONCLUSIONS OF LAW:

A. Pursuant to *McNamara v State,* 357 So.2d 791 (Fla. 1981) a trial court's ruling comes to the appellate level with a presumption of correctness, and the reviewing court must view the evidence in a manner most favorable to sustain the trial court.

B. In Florida Statute Section 3.191(e) the State has the burden to prove that the defendant is unavailable for trial, if this is established then the defendant must show his continuous availability for trial. *State Ex. Rel. Kennedy v McCauley,* 265 So.2d 547 (Fla. 4DCA 1972).

C. Pursuant to *State Ex. Rel. Smith v Nesbitt,* failure to appear for a court appearance is evidence of non-availability for trial. Non-availability has the effect of tolling the time period provided for in speedy trial rule.

D. A defendant's actual knowledge of the date and willful failure to appear, or intention avoidance or evasion of receiving notice, are sufficient to waive a defendant's speedy trial right. *State v Collie,* 390 So.2d 441 (Fla. 5DCA 1980).

E. Accordingly, we find there was ample evidence to support the Trial Court's ruling that the defendant was put on actual notice and made himself unavailable for trial.

WHEREFORE, it is ORDERED AND ADJUDGED that the Trial Court's Denial for Motion for Discharge is hereby AFFIRMED.

DONE AND ORDERED in Chambers, at the Broward County Courthouse, 201 Southeast Sixth Street, Fort Lauderdale, Florida 33301, this 3rd day of August, 1989.