558 So.2d 192 (1990)
STATE of Florida, Appellant,
v.
Glenn ANTONIETTI, Appellee.
No. 89-1679.
District Court of Appeal of Florida, Fourth District.
March 21, 1990.
*193 Robert A. Butterworth, Atty. Gen., Tallahassee, and Sylvia H. Alonso, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender and Ellen Morris, Asst. Public Defender, West Palm Beach, for appellee.
PER CURIAM.
The state has appealed an order granting defendant's motion for discharge due to a violation of the right to speedy trial. Although the record presented to this court is scant, the parties do not dispute the following background facts.
In August 1984, the defendant/appellee was charged by information with two counts of grand theft and one of accessory after the fact for the theft of a car in July 1984. In September 1984, he was charged by information with one count of dealing in stolen property for an incident which occurred in May 1984. The date of his arrest for these charges is not noted in the record. The defendant plead not guilty to each charge. At the hearing on the motion to discharge, the state attorney asserted that the defendant made himself unavailable for trial on these charges. The defendant's motion for discharge alleges that he was continuously available for trial. The state attorney advised the trial judge that the state issued warrants for defendant's arrest sometime in 1985 but that the sheriff's office was unsuccessful in serving the warrants in September 1985, because the defendant was no longer at his Pasco County address. There is no information in the record as to whether the defendant was given proper notice for trial or whether the Pasco County address was a current or proper address for the defendant at that time. At that time the state was advised, apparently by Pasco County authorities, that the defendant had left that county and was suspected to have gone to Southern California. The state did not determine the accuracy of this information. According to the state attorney, the state entered the arrest warrants into the national computer network which serves to notice other jurisdictions that the defendant has outstanding charges against him in Florida. Otherwise, over the next 18 months, the state did not actively pursue trying to locate the defendant in Florida or elsewhere. Based on the record, the state made no affirmative attempt to locate the defendant from the time he entered pleas to the charges, sometime in the Fall of 1984, until March 1987, when Las Vegas, Nevada authorities notified Florida authorities that the defendant was in custody on burglary charges. At this time the state attorney's office declined to extradite the defendant for trial on the 1984 charges. Subsequently, 21 months later, in December 1988, the defendant moved for extradition to Florida pursuant to the Florida Interstate Agreement on Detainers Act, § 941.45 Fla. Stat. (1987). One month later Florida accepted jurisdiction over the defendant and he was brought to Florida. Thereafter in May 1989 the defendant moved for discharge of the charges filed in 1984 on grounds that his right to speedy trial had attached at the time of this arrest and the 180 day period had run as to those charges. The trial court heard the defendant's motion at which time the foregoing facts were brought out by counsel. The state presented no reason for not attempting to locate the defendant in 1984-85 or for its decision to not pursue extradition from Nevada in 1987. For these reasons, on June 7, 1989, the trial court granted defendant's motion for discharge finding that the state failed to show that the defendant was unavailable for trial in 1984 and thereafter failed to pursue the defendant upon notification of his arrest in Nevada in March 1987.
We agree with the trial court. The state has failed to demonstrate error and we affirm the order granting discharge of the charges pending against the defendant since August and September 1984.
The record substantiates that the state failed to bring the defendant to trial within the time allotted for speedy trial. Further, based on the record before us, the delay is wholly attributable to the state and its ambivalent efforts toward prosecuting the defendant. The evidence does not support that the defendant caused or attributed to the delay and therefore he is entitled to a discharge. See Florida Rules of *194 Criminal Procedure, Rule 3.191(a); 3.191(i); 3.191(d)(3); 3.191(e); Clinton v. State, 451 So.2d 893 (Fla. 3rd DCA 1984); State v. Collie, 390 So.2d 441 (Fla. 5th DCA 1980); Richardson v. State, 340 So.2d 1198 (Fla. 4th DCA 1976).
Although the state attorney contended that the defendant made himself unavailable for trial during the running of his speedy trial time in 1984, the state did not produce any evidence to substantiate this allegation. Rules 3.191(d)(3) and 3.191(e), Fla.R.Crim.P., provide that there is no presumption of non-availability. Rather, if the state objects to discharge it must present evidence to show non-availability of the defendant. Upon doing so, the defendant must present competent evidence to establish continuous availability.
At the discharge hearing, the state attorney merely related that the sheriff's office had made one unsuccessful attempt to serve a capias on the defendant in September 1985. This was approximately six months after speedy trial time had run on the 1984 charges.[1]State ex rel. Kennedy v. McCauley, 265 So.2d 547 (Fla. 4th DCA 1972) (where the state failed to the carry initial burden to present evidence of nonavailability of the accused, he was thereby entitled to discharge under the speedy trial rule); Sherrod v. Franza, 427 So.2d 161 (Fla. 1983); Clinton v. State, (where delay could not be attributed to defendant who had not received notice of required appearance, defendant was not deemed unavailable for trial and was entitled to discharge). See also Wright v. State, 387 So.2d 1060 (Fla. DCA 1980); State ex rel. Smith v. Nesbitt, 355 So.2d 202 (Fla. DCA 1978).
It is the state's duty to bring the defendant to trial and to do it swiftly. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Sherrod v. Franza, 427 So.2d 161, 163 (Fla. 1983) ("The purpose of the speedy trial rule is to ensure (1) the effective implementation of a defendant's constitutional right to a speedy trial, and (2) the effective and expeditious prosecution of criminal offenses."); § 918.015 Fla. Stat. (1987); Fla.R.Crim.P. 3.191(a).
Under these circumstances, we find no error in the trial court's determination that the defendant's speedy trial rights were violated based on the state's failure to bring the defendant to trial within the speedy trial period; failure to show that speedy trial time was tolled after the informations were filed in 1984, and failure to substantiate that the defendant was unavailable for trial, at that time. To the contrary, the facts compel affirmance of the lower court decision to grant the discharge of the charges filed in August and September 1984.
The order on appeal is AFFIRMED.
ANSTEAD, WALDEN and POLEN, JJ., concur.
NOTES
[1] Rule 3.191(a)(1), Fla.R.Crim.P. provides that a person charged with a crime by information shall be brought to trial within 175 days of a felony charged. According to the committee notes to Rule 3.191, a 1984 amendment to this rule repealed the remedy of automatic discharge from the crime and under subsection (i)(4) provides the state attorney 15 days within which to bring a defendant to trial from the date of the filing of the motion for discharge. 33 Fla. Stat. Ann. (1989). Speedy trial time begins to run from the date of arrest or date of the information or indictment, whichever occurs first. Vela v. State, 450 So.2d 305, 306 (Fla. 5th DCA 1984); Wright v. State, 387 So.2d 1060 (Fla. 5th DCA 1980) Calculating speedy trial time from the date of the informations filed, in the absence of any record reference as to when the arrests occurred, speedy trial time ran from August 9, 1984 and September 19, 1984 to February and March, 1985, respectively.