PER CURIAM.
The State appeals orders granting defendant’s motion for discharge. We reverse.
The trial judge granted defendant’s motion for discharge on the ground that the defendant had not been brought to trial within ninety days of the denial of defendant’s first motion for discharge. The State correctly contends, and defendant does not dispute, that under State v. Veliz, 524 So.2d 1157 (Fla. 3d DCA 1988), the grace period of Rule 3.191(i)(4), Florida Rules of Criminal Procedure (1989),* ap *423 plied and permitted the State fifteen additional days after the filing of the motion for discharge to bring the defendant to trial.
While conceding that point, the defense contends that the trial court erred by failing to grant an earlier motion for discharge and thus the trial court orders should be affirmed on alternative grounds. On the facts here presented we conclude that the earlier motion was correctly denied. See Hopkins v. Barad, 380 So.2d 1166 (Fla. 3d DCA 1980). We therefore reverse the orders of discharge and remand for further proceedings.

 Renumbered as Florida Rule of Criminal Procedure 3.191(i)(3) (1990). See In re Amendment to Florida Rule of Criminal Procedure 3.191 (Speedy Trial), 542 So.2d 1330 (Fla.1989).