PETITION FOR WRIT OF PROHIBITION
PER CURIAM.
Petitioner, Homer Leo Wills, Jr., seeks a writ of prohibition to stop any further proceedings in a driving under the influence case. We grant the writ and discharge petitioner.
Petitioner, was arrested on November 18, 1990, and charged with a misdemeanor count of driving under the influence. § 316.193(3)(c)(l), Fla.Stat. (1989). On February 12, 1991, the State filed a nolle prosequi in that case.
On March 27, 1991, 129 days after petitioner’s misdemeanor arrest, the State filed an information charging petitioner with felony driving under the influence. § 316.-193(3), (c)(2) Fla.Stat. (1989). This charge stems from the same conduct or criminal episode as the prior misdemeanor charge.
At the time the felony information was filed, petitioner was neither in custody nor on bail. However, the State failed to procure the issuance of a capias as required by Rule 3.131(j), Florida Rules of Criminal Procedure.
On April 18, 1991, and again on May 17, 1991, the case was set for arraignment. Petitioner was neither re-arrested nor served with any notice to appear. The trial court continued the case until the State obtained a capias.
On May 23, 1991, 194 days after petitioner’s arrest, petitioner filed a motion for discharge. Rather than setting it for hearing or trial, the State, on June 7, 1991, entered another nolle prosequi. That same day, 225 days after petitioner’s arrest, the State refiled the charges against petitioner and obtained a capias.
On June 25,1991, 243 days after petitioner’s arrest, the trial court held a hearing on petitioner’s May 23, 1991 motion to discharge. The State argued that petitioner’s motion should be stricken because the court lacked personal jurisdiction to hear the motion. The trial court granted the State’s motion to strike, and offered to reschedule the hearing on the motion to discharge until after petitioner surrendered to the court.
Petitioner seeks a writ prohibiting the trial court from proceeding in the case against petitioner. Petitioner asserts that he was neither rearrested nor served with notice on those dates and therefore any delays are attributable to the State. The State contends that delays in bringing petitioner to trial should be attributable to petitioner because petitioner failed to appear on April 18 and May 17, and, thus, was unavailable.
The State then argues:
The State stood ready for trial. If the motion for discharge was properly filed, the grace period of Rule 3.191(8)(4) [sic] *470 Florida Rules of Criminal Procedure applied and the State should be permitted ten additional days after the hearing of the motion to bring the defendant to trial. State v. Veliz, 524 So.2d 1157 (Fla. 3d DCA 1988); State v. Terraste [sic], 561 So.2d 422 (Fla. 3d DCA 1990). [Footnote omitted].
The two cases cited by the State are inapplicable because they address the immediate granting of a motion to discharge without the 15 day period to commence trial granted by the Rules. See State v. Ferrante, 561 So.2d 422 (Fla. 3d DCA 1990); State v. Veliz, 524 So.2d 1157 (Fla. 3d DCA 1988).
Rule 3.191(a)(1), Florida Rules of Criminal Procedure provides, in pertinent part:
Speedy Trial Without Demand. [E]very person charged with a crime by indictment or information shall be brought to trial within 90 days if the crime charged be a misdemeanor, or within 175 days if the crime charged is a felony.... The time period established by this section shall commence when such person is taken into custody as defined under section (a)(4).
Rule 3.191(a)(4) defines custody:
Custody. For purposes of this Rule, a person is taken into custody, (i) when the person is arrested as a result of the conduct or criminal episode which gave rise to the crime charged....
Rule 3.191(h)(2), Florida Rules of Criminal Procedure provides:
Nolle Prosequi, Effect. The intent and effect of this Rule shall not be avoided by the State by entering a nolle prosequi to a crime charged and by prosecuting a new crime grounded on the same conduct or criminal episode, or otherwise by prosecuting new and different charges based on the same conduct or criminal episode whether or not the preceding charge is suspended, continued, or is the subject of entry of a nolle prosequi.
The remedy for failing to try a defendant within the specified time is the filing of a motion for discharge. Fla.R.Crim.P. 3.191(i)(2). The Rules then provide:
(3) No later than 5 days from the date of the filing of a motion for discharge the court shall hold a hearing on the motion, and unless the court finds that one of the reasons set forth in section (d)(3) exists, shall order that the defendant be brought to trial within 10 days. If the defendant is not brought to trial within the 10 days period through no fault of the defendant, the defendant shall be forever discharged from the crime. [Emphasis added].
Fl.R.Crim.P. 3.191(i)(3).
Section (d)(3) lists four reasons giving rise to the denial of the motion for discharge: “(i) a time extension; (ii) failure to hold trial is attributable to the accused, ... or (iii) the accused was unavailable for trial, ...; (iv) the demand ... is invalid”. Fla.R.Crim.P. 3.191(d)(3).
Any delay in bringing petitioner to trial is attributable to the State’s failure to serve petitioner with a capias. Therefore, petitioner did not cause or contribute to any delay. See State v. Antonietti, 558 So.2d 192 (Fla. 4th DCA 1990). Moreover, the State failed to present any evidence to show non-availability of defendant. State v. Antonietti, 558 So.2d at 193.
Because none of the exceptions to Rule 3.191(d)(3) apply, the mandatory language of the rule requires that the motion be granted:
If a trial of the accused does not commence within the periods of time established by this Rule, a pending motion for discharge shall be granted by the court_ [Emphasis added].
Fla.R.Crim.P. 3.191(d)(3). Massey v. Graziano, 564 So.2d 287 (Fla. 5th DCA 1990); Ariza v. Cycmanick, 548 So.2d 304 (Fla. 5th DCA 1989).
In this case, the trial court struck the motion. The only provision in these rules which provide for the striking of a motion for discharge is where the motion is not timely. See Fla.R.Crim.P. 3.191(d)(1). The motion for discharge was timely and, therefore, incorrectly stricken. The only option *471 is to grant the motion and discharge petitioner.