STEVENSON, Judge.
Petitioner, W.C. Kelly, seeks a writ of prohibition and challenges the trial court’s denial of his motion for discharge due to an alleged violation of the speedy trial rule. The petitioner is charged with having sexual intercourse with a person under eighteen and procuring a person under sixteen for prostitution. Because the speedy trial period had run and the record fails to show that the delay in bringing the case to trial was attributable to petitioner, we grant the writ and order that the trial court discharge petitioner.
The petitioner was arrested on March 27, 1993. On May 13, 1993, the trial court conducted an adversary preliminary hearing after petitioner had been held in custody for 43 days without charges being filed. The state advised the trial court that it had not filed an information due to a change in procedure in the State Attorney’s Office which required that a live lineup be conducted before filing an information. Petitioner had previously been identified in a photo lineup.
The trial court released petitioner on his own recognizance but conditioned petitioner’s release upon his appearance at a live lineup to be conducted by the State Attorney’s Office. The court advised petitioner that his public defender would be noticed by the state, and that he would then be required to appear for the live lineup. Petitioner was required under oath to provide an address where he would be staying upon his release so that he could be contacted by counsel. He provided his mother’s address. Subsequently, the lineup was twice scheduled, but neither petitioner’s counsel nor his investigator was able to contact petitioner.
At a June 4, 1993 hearing, the public defender advised the trial court that he had not had any contact with petitioner. The state requested that the court take petitioner into custody because of speedy trial concerns and the public defender’s lack of direct contact with petitioner. The court- entered orders requiring petitioner to appear for a status conference on June 9, 1993, and a lineup on June 10, 1993. The public defender agreed to serve the orders on petitioner. On June 9, 1993, the public defender advised the trial court that petitioner was not present because the investigator’s efforts to serve the orders had failed. The trial court ordered that a no bond capias be issued based on petitioner’s failure to stay in contact and to appear at the status hearing. The record reflects no effort by the state to locate petitioner either before or after the issuance of the capias. Furthermore, the capias that was issued by the trial court did not have the address on it that *923 petitioner had previously given to the trial court as his present valid address.
On December 10,1998, 258 days after petitioner’s arrest, the state filed its information. The capias was eventually served on petitioner in August of 1994. After petitioner’s public defender withdrew from representation, the appointed special public defender filed a motion for discharge, alleging that the information was filed after the speedy trial time had run. The motion was denied on November 30,1994. Petitioner then filed this emergency petition for writ of prohibition on January 10, 1995.
The record fails to support any conclusion that the delay in bringing petitioner’s case to trial was attributable to petitioner. See Fla.R.Crim.P. 3.191(j). On the fortieth (40th) day after his arrest, petitioner was entitled to an unconditional release on his own recognizance. See Fla.R.Crim.P. 3.134(2). Therefore, the trial court was not allowed to condition petitioner’s release on his appearance at a live lineup. Because the trial court’s conditional release of petitioner was improper, the capias issued in connection therewith was equally questionable. Accordingly, we do not view petitioner’s dereliction, if any, in complying with these illegal orders sufficient grounds to relieve the state of its obligation to timely file charges and take the accused to trial. When the state finally filed the information, the speedy trial period had expired. Any delay in filing an information and bringing the petitioner to trial within the speedy trial period rests clearly on the shoulders of the state in this case. See State v. Antonietti, 558 So.2d 192 (Fla. 4th DCA 1990).
PETITION GRANTED.
GUNTHER and WARNER, JJ., concur.