PER CURIAM.
William Roberts appeals the circuit court’s denial of a petition for writ of prohibition precluding the county court from exercising further jurisdiction in a pending criminal case.
We reverse. Roberts contended that the county court erred in denying his motion for discharge based on the state’s failure to bring him to trial during the speedy trial “window” period; he argued that the court should not have charged a defense continuance when defendant appeared for trial without his counsel. See Fla.R.Crim.P. 3.191(k). At the hearing on the discharge motion, the state asserted that defendant’s counsel was unavailable for trial. Defendant contended that neither his counsel nor the bondsperson had received notice of the trial date. The state presented evidence that the customary practice of the clerk’s office was to mail notices to all persons listed on the praecipe, whether computer generated or handwritten by the clerk. The trial court found that the evidence triggered the presumption that the clerk’s office mailed the notice and that the attorney and bondsperson received the notice of trial date. Although that testimony triggered the presumption of mailing and receipt, see Brown v. Giffen Indus., Inc., 281 So.2d 897 (Fla.1973) (on rehearing); Brake v. State, Unemployment Appeals Comm’n, 473 So.2d 774 (Fla.3d DCA 1985); Milros-Sans Souci Inc. v. Dade County, 296 So.2d 545 (Fla.3d DCA 1974), cert. denied, 310 So.2d 744 (Fla.1975), defendant rebutted the presumption by presenting the sworn testimony of his counsel and bondsperson that they did not receive the notice, that they had received all other computer-generated notices, and that they had appeared for the hearings for which notices were properly computer generated. Thus, defendant presented sufficient and competent evidence that overcomes the presumption and establishes that the attorney did not receive notice. Because counsel did not receive notice, defendant and his counsel were continually available for trial. See State ex rel. Kennedy v. McCauley, 265 So.2d 547 (Fla. 4th DCA 1972). Thus, the court erred in charging the continuance to defendant, and he is entitled to issuance of the writ of prohibition and discharge from the case. See Obanion v. State, 496 So.2d 977 (Fla. 3d DCA 1986), review denied, 504 So.2d 768 (Fla.1987); cf. State v. Morgan, 471 So.2d 199, 201 (Fla. 2d DCA 1985) (defendant waived speedy trial rights when counsel failed to appear due to family illness). Accordingly, we reverse the order.
Reversed and remanded. .