SUAREZ, J.
Appellant/Defendant, Cliff Ross Dixon, appeals from a Circuit Court order denying his petition for writ of prohibition to bar trial and argues that the trial court improperly denied his motion to discharge under the speedy trial rule. Fla. R.Crim. *385 P. 3.191. We find the defendant did not delay the orderly prosecution of his case and did not waive his speedy trial rights. We reverse and remand for discharge.
On November 21, 2001, Cliff Ross Dixon (“Dixon”) was arrested and charged with driving under the influence. On February 20, 2002, the ninety-first day following arrest, Dixon filed a Notice of Expiration of Speedy Trial (“NOE”). The NOE was heard on the fifth day of the hearing window, February 25, 2002, wherein the State conceded that the NOE was well taken. At the hearing, the Court, and both parties, agreed that the trial would take place on March 4, 2002, five days prior to the running of the speedy trial period. On February 26, 2002, the day after the NOE hearing, the case was called for sounding. Dixon and his defense counsel failed to appear and the Court issued a bench warrant. Both State and defense now agree that for some reason unknown to either party, neither Dixon nor his defense counsel was informed of the sounding date. On February 27, 2002, the day after the sounding, the clerk’s office mailed notices of cancellation of the March 4, 2002 trial date to all parties due to Dixon’s failure to appear at the sounding and the issuance of the bench warrant. Defense counsel received the notice of cancellation prior to the March 4, 2002 trial date.
On the morning of March 4, 2002, in an abundance of caution, defense counsel appeared in the courtroom. Defense counsel confirmed that Dixon’s case was not scheduled for trial by checking the docket and by checking with the court clerk. Defense counsel then left the courthouse. In the afternoon of March 4, 2002, the prosecutor appeared in the courtroom ready for trial. The trial judge remarked that defense counsel was seen in the courtroom earlier that day. The trial judge then instructed the prosecutor to call the prosecutor’s office.[1] The prosecutor called defense counsel and advised him that the Court and State were present and ready for trial. Defense counsel claims that the prosecutor did not state that the prosecutor was ordered by the court to call defense counsel to appear for trial. Defense counsel advised the prosecutor that he. was at the courthouse earlier and confirmed that Dixon’s case was not on the court calendar nor was it registered with the clerk as being scheduled for trial. Defense counsel did not return to the courthouse that day. The matter was not reset for trial during the remaining five days available for trial prior to the running of the speedy trial period.
On March 18, 2002, after the speedy trial period had run, defense counsel filed the motion for discharge. On March 28, 2002, the trial court denied the motion. The trial court reasoned that the defense attorney should have recognized that the clerk’s office made a mistake in issuing the notice of cancellation. Furthermore, the Court felt that when the prosecutor telephoned defense counsel on March 4, 2002, defense counsel should have assumed that the prosecutor was acting as an officer of the court, and was under a court order to do so with the authority to instruct the defendant to appear at trial or, otherwise, be considered unavailable.
*386 Dixon then filed a petition for writ of prohibition seeking permanent discharge based on violation of his right to speedy trial, which was denied. Dixon timely appealed the Circuit Court’s denial of the petition for writ of prohibition. We reverse and remand with instructions to discharge.
Florida Rule of Criminal Procedure Rule 3.191(j) states that if the trial of an accused does not begin within the mandatory 180 days, a motion for discharge must be granted unless the court finds one of the following factors: (1) a time extension, (2) failure to hold trial is attributable to the accused, (3) the accused was unavailable for trial, (4) the demand ... is invalid or untimely. The only exception at issue in this action is No. 3, whether the accused was unavailable for trial.[2] We conclude that the defendant was available for trial and failure to hold the trial was not attributable to the defendant.
The burden rests on the State to show that a defendant has made himself or herself unavailable for trial. State v. Exposito, 327 So.2d 836 (Fla. 3d DCA 1976). Proof that the defendant made himself or herself unavailable can be found by the trial court if the defendant, or his counsel, fails to attend a proceeding required by the rules or required by notice of the court. See State v. Koch, 605 So.2d 519 (Fla. 3d DCA 1992); see also State v. Costanzo, 802 So.2d 515 (Fla. 3d DCA 2001). Dixon did not appear for trial as Dixon’s counsel was notified by the clerk’s office that the trial had been canceled. It is customary for the clerk’s office to mail notices and there is a presumption that such notices are received. Roberts v. Lando, 652 So.2d 1226 (Fla. 3d DCA 1995). Defense counsel had the right to rely on the notice. It was through no fault of Dixon that the notice of cancellation was sent. Both he and his counsel were unaware of the sounding date, and because they did not appear, the bench warrant was issued and the clerk’s notice canceling trial was sent.
Although defense counsel received the notice of cancellation, he followed-up by going to the courthouse and confirming on the docket, and with the clerk, that the trial was not scheduled. The State contacted defense counsel by telephone on the afternoon of the trial date. The record does not indicate this was done pursuant to court order, or that the call was an order of the court requiring defense to appear.
It is the State’s burden and duty to bring a defendant to trial and do it swiftly. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); see State v. Antonietti, 558 So.2d 192, 193 (Fla. 4th DCA 1990); see also Kelly v. Goldstein, 649 So.2d 921 (Fla. 4th DCA 1995). The burden to comply with the speedy trial rule is on the State. Saunders v. State, 436 So.2d 166, 169 (Fla. 2d DCA 1983). After March 4, 2002, the State still had the opportunity to have Dixon brought to trial as the speedy trial period had not run. For some reason, the State did not do so.
' Based on the above facts, we do not find that Dixon or defense counsel played “got *387 cha tactics”[3] with the speedy trial procedures or were they acting stealthily or playing Mickey Mouse[4] games with the rule as this court has found with other defendants in the past. The record fails to show that the defendant was not continuously available for trial and Dixon did not violate any order of the court, or any other duty to respond. See Clinton v. State, 451 So.2d 893 (Fla. 3d DCA 1984); e.g., L.H. v. State, 455 So.2d 1320 (Fla. 3d DCA 1984); see, e.g., Roberts v. Lando, 652 So.2d at 1226.
Accordingly, based on the facts of this case, the delay in trial is attributable to the State. The defendant did not delay the orderly prosecution of his case and never waived his speedy trial rights. See Butterworth v. Fluellen, 389 So.2d 968 (Fla.1980); e.g., Clinton v. State, 451 So.2d at 893; see also Miller v. State, 469 So.2d 867 (Fla. 3d DCA 1985)(Defendant was not brought to trial during the window period, did not waive right to speedy trial, and was continuously available; ordered discharged). We conclude the Circuit Court did not follow the essential requirements of the law and reverse the Circuit Court’s decision denying the defendant’s writ of prohibition and denying defendant’s motion to discharge and order the defendant discharged as “any other result would compromise the purposes of the speedy trial rule.” See State v. Riera, 888 So.2d 761, 762 (Fla. 3d DCA 2004).
We reverse the lower court’s order denying the writ of prohibition and order the defendant discharged.

. At the March 4, 2002 trial the following transpired:
Clerk: He [defense counsel] was here this morning.
Court: Yes, I saw him. You [prosecutor] may want to give your office a call and find out the status. I don’t want to discuss this case without Mr. Eiglarsh [defense counsel] being here and it was not on calendar. He probably found out that it was not on calendar and left.

. Fla. R.Crim. P. 3.191(h) Availability for Trial. A person is unavailable for trial if the person or the person’s counsel fails to attend a proceeding at which either's presence is required by these rules, or the person or counsel is not ready for trial on the date trial is scheduled. A person who has not been available for trial during the term provided for in this rule is not entitled to be discharged. No presumption of non-availability attaches, but if the state objects to discharge and presents any evidence tending to show non-availability, the accused must establish, by competent proof, availability during the term.

. See Goodrich v. State, 834 So.2d 893 (Fla. 3d DCA 2002).

. See State v. Velazquez, 802 So.2d 426 (Fla. 3d DCA 2001).