546 So.2d 125 (1989)
IN the Interest of B.A., a Child.
No. 89-580.
District Court of Appeal of Florida, First District.
July 18, 1989.
Michael E. Allen, Public Defender and Nancy L. Showalter, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Richard E. Doran, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
Appellant appeals an order finding him guilty of petit theft but withholding adjudication of delinquency, and placing him on community control. We affirm.
Appellant has not challenged his placement, pursuant to section 39.032, Florida Statutes, in secure detention for approximately 38 days pending disposition of his case. He cites error only in the trial court's denial of his request for credit for time served in secure detention against his community control sentence. He asserts that secure detention has the character of jail,[1] and community control is the equivalent of a prison sentence.[2] On that rationale, he claims entitlement, pursuant to section 921.161, Florida Statutes, to credit on his community control sentence for time spent in secure detention.
We disagree with appellant's position that a community control sentence is equivalent to a sentence of imprisonment against which credit is mandated, pursuant to section 921.161, Florida Statutes, for time served in confinement pending disposition of the case. Compare Mathews v. State, 529 So.2d 361 (Fla. 2d DCA 1988), in which the court disagreed with that defendant's contention that community control is the functional equivalent of jail. See also Braxton v. State, 524 So.2d 1141 (Fla. 2d DCA 1988), in which, in consideration of Fourth Amendment rights, the court refused to equate community control with *126 incarceration. Therefore, since appellant was not sentenced to institutional incarceration and in consideration of the rehabilitative purpose of chapter 39, Florida Statutes, we find no basis for concluding that appellant is entitled to credit on his community control sentence for time served in secure detention.[3]
AFFIRMED.
BOOTH and BARFIELD, JJ., concur.
NOTES
[1] Compare Tal-Mason v. State, 515 So.2d 738 (Fla. 1987), in which the court determined that involuntary placement in a state mental institution prior to trial amounted to sufficient confinement to entitle the defendant to credit for time served against his later imposed prison sentence.
[2] He relies upon State v. Mestas, 507 So.2d 587 (Fla. 1987), in which the court determined that for sentencing guidelines considerations under Fla.R.Crim.P. 3.701, community control is not akin to probation.
[3] This case does not involve and we do not hereby address the question of whether appellant's commitment to secure detention would entitle him to credit for time served if, upon sentencing, he had been committed to the Department of Health and Rehabilitative Services for confinement in jail or prison.