605 So.2d 519 (1992)
The STATE of Florida, Appellant,
v.
Phyllis KOCH, Appellee.
No. 91-2178.
District Court of Appeal of Florida, Third District.
September 8, 1992.
Robert A. Butterworth, Atty. Gen., and Barbara Arlene Fink, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Rosa C. Figarola, Asst. Public Defender, for appellee.
Before SCHWARTZ, C.J., and HUBBART and BASKIN, JJ.
HUBBART, Judge.
This is an appeal by the state from a final order of the circuit court granting a petition for a writ of prohibition in a county court misdemeanor case in which the defendant was charged with child abuse. Section 827.04(2), Fla. Stat. (1989). The legal basis for granting the petition for a writ of prohibition was that the defendant's speedy trial rights under Florida Rules of Criminal Procedure 3.191 were violated. We affirm.

I
The final order under review sets forth the relevant facts of this case:
"1. On January 19th, 1990, petitioner was arrested and charged [with child abuse] in county court case number 90-52411.
2. On May 3rd, 1990, petitioner filed a defense witness list containing five witnesses. Two of the witnesses listed by the defense reside out of Dade County.
3. On May 4th, 1990, the trial court granted a defense motion to depose witnesses listed by the state.
4. A motion to discharge was filed on February 14th, 1991.
5. At 11:24 a.m., on February 27th, 1991 the petitioner received notice that *520 the hearing on the motion, as well as the trial itself, were scheduled for March 1st, 1991.
6. At the hearing on March 1st, 1991, petitioner moved for a continuance charged to the state asserting that the reason she was not ready for trial was attributable to the state. Petitioner argued that the state's failure to hold a hearing within five days from the filing of the motion for discharge, coupled with the unreasonably short trial notice, precluded her from obtaining compulsory process of five defense witnesses.
7. The trial court denied the petitioner's motion for a state continuance and charged the continuance to the defense.
8. A subsequent motion for discharge was filed on March 11th, 1991.
9. At a hearing on March 26th, 1991, the trial court denied the petitioner's motion for discharge."

II
Rule 3.191(a)(1) of the Florida Rules of Criminal Procedure provides that a defendant who is charged with a misdemeanor, as here, shall be brought to trial within ninety days of the defendant's arrest, subject to two limitations not relevant here. If the defendant is not tried within this time period, the defendant is entitled to the following remedy set out in Rule 3.191(i):
"(1) No remedy shall be granted to any defendant under this Rule until the court shall have made the required inquiry under section (d)(3).
(2) The defendant may, at any time after the expiration of the prescribed time period, file a motion for discharge.
(3) No later than 5 days from the date of the filing of a motion for discharge, the court shall hold a hearing on the motion, and unless the court finds that one of the reasons set forth in section (d)(3) exists, shall order that the defendant be brought to trial within 10 days. If the defendant is not brought to trial within the 10 day period through no fault of the defendant, the defendant shall be forever discharged from the crime." (emphasis added).
It is settled that the state has the burden of arranging that a hearing be conducted on the defendant's motion for discharge within five days after the filing thereof  or, in lieu of that, conveying to the trial court its concession that the motion for discharge is well taken and its agreement to have the trial scheduled with reasonable notice within the ten-day period provided by Rule 3.191(i)(3). Lasker v. Parker, 513 So.2d 1374, 1376 (Fla. 2d DCA 1987); Climpson v. State, 528 So.2d 1296, 1297 (Fla. 1st DCA 1988). The failure of the state to observe these requirements, however, is ordinarily harmless so long as the defendant is in fact brought to trial with reasonable notice within fifteen days after the filing of the motion for discharge, if the defendant cannot otherwise demonstrate prejudice. Climpson; Lasker. Where, however, the defendant is able to demonstrate prejudice through the failure to conduct the required hearing  as, for example, where one is necessary to resolve whether the motion for discharge was well taken  it has been held that the defendant is entitled to a final discharge. Lasker.

III
Turning to the instant case, we agree with the circuit court that the failure of the state to arrange for a hearing on the defendant's motion for discharge within five days after the filing of said motion [or in lieu thereof conveying to the trial court its concession that the motion was well taken and agreeing to a trial date with reasonable notice within the ten-day period provided by Rule 3.191(i)(3)] greatly prejudiced the defendant, based on the circumstances of this case, because it prevented the timely setting of a trial date with enough lead time to allow the defendant to subpoena her witnesses for trial. We agree entirely with the circuit court's analysis on this issue in the order under review:
"In the present case, the state failed to hold a hearing within five days after the filing of petitioner's motion for discharge as required by Rule 3.191 of the Rules of *521 Criminal Procedure. The failure to hold this hearing precluded the timely setting of a trial date. Without the setting of a trial date, the defense could not issue trial subpoenas for the defense witnesses.
In spite of the lack of a hearing, a trial date was eventually set for the fifteenth day of the speedy trial `window period.' The petitioner did not receive notice until one and one-half days before the trial date. The trial date afforded the petitioner was unreasonable. Granting the petitioner notice one and one-half days before the trial date precluded the petitioner from obtaining compulsory process of the defense witnesses. The prejudice to the accused was compounded by the fact that two of the five defense witnesses resided outside the county and one needed transportation.

The unreasonably short trial notice in the present case placed the petitioner in the position of choosing between her right to compel witnesses and her right to a speedy trial. The right to a speedy trial cannot be used to force an accused into forfeiting one right over another. Thus, the trial court should have granted the defense motion for a state continuance and thereafter granted the petitioner's motion for discharge." (emphasis added).
Because (a) the defendant's initial motion for discharge was well taken, as ninety days had elapsed from the date of arrest without the defendant having been brought to trial due to no fault of her own, (b) this motion was not properly scheduled for a hearing by the state within five days of the motion for discharge, so that a trial date could be set with enough lead time to allow the defendant to subpoena her witnesses for trial [nor did the state convey to the court its concession that the motion was well taken so that the trial could be set with reasonable notice within the ten-day period provided by Rule 3.191(i)(3)], and (c) the defendant was prejudiced by the failure to hold such an orderly hearing under the circumstances of this case in that she was not, in fact, notified of the trial date herein until one and one-half days prior thereto which was insufficient notice to exercise her Sixth Amendment right to compulsory process of witnesses, the final order under review must be affirmed.
Obviously, a different case would be presented if the defendant had, in fact, been given reasonable notice of the trial date herein, either at the 5-day hearing required by Rule 3.191(i)(3) or informally, so that she could have issued proper subpoenas for her five defense witnesses, two of whom lived out-of-county. We are not unmindful of the heavy trial calendar handled by the county court below and the necessity at times of placing all parties concerned on a standby trial status. These practical realities, however, must be sensitive to the defendant's Sixth Amendment right to compulsory process of witnesses so that arrangements are made to protect that right while still moving the trial calendar. We agree with the circuit court that this constitutional right was not adequately protected below, thereby improperly forcing the defendant to waive her speedy trial rights in order to protect her right to compulsory process of witnesses; such a waiver cannot be recognized under Florida law and the defendant was therefore entitled to discharge under the speedy trial rule.
Affirmed.
BASKIN, J., concurs.
SCHWARTZ, Chief Judge (dissenting).
I cannot agree that the defendant is entitled to a continuance beyond the speedy trial time, and thus to an automatic dismissal of the charges against her. The majority decision to this effect is based only upon a presumptive and theoretical belief that the defendant might not be able to secure witnesses on her behalf at the trial. But there is no real basis upon which to reach this conclusion. For all we know, the witnesses in question may have been otherwise available, merely cumulative, irrelevant, or even helpful to the state. See State v. Brown, 527 So.2d 209 (Fla. 3d DCA 1988), pet for review denied, 534 So.2d 398 (Fla. 1988). But the determination *522 of whether the short trial date was actually harmful should and must await an actual showing at the trial. The court's conclusion that as a matter of law this is so resurrects the rule that, although a dismissal is not appropriate in the absence of actual prejudice, a continuance which results in a violation of the speedy trial rule may backhandedly accomplish the same thing. See State v. Del Gaudio, 445 So.2d 605 (Fla. 3d DCA 1984), pet. for review denied, 453 So.2d 45 (Fla. 1984). We have recently exposed the fallacy in that proposition, Colby v. McNeill, 595 So.2d 115 (Fla. 3d DCA 1992) (overruling Del Gaudio dicta); see Brown, 527 So.2d 209, and we should do so here as well.
The fact is that, at this stage, there is simply no violation of the speedy trial rule. If, as is now argued, there may be a subsequent violation of another of the defendant's rights, it will be time and occasion enough to rule on that issue at trial. As it stands, however, Koch has secured a dismissal of charges against her for no reason which is justified in the record.