ON PETITION FOR WRIT OF PROHIBITION

PER CURIAM.
Jimmie Lee Wimberly petitions for a writ of prohibition to discharge the information filed against him on speedy trial grounds. We grant the petition, issue the writ, and order the trial court to discharge defendant Wimberly.
Defendant was arrested and charged by information on May 29, 1993. On November 22, defendant filed a notice of expiration of the speedy trial period. On Tuesday, November 23, the trial court ruled that the notice of expiration was properly filed and set the case for trial the following Monday, November 29.
Subsequently, during the morning of November 23, defendant’s counsel was called and ordered to report to a backup judge to commence jury selection for defendant’s trial in twenty minutes. Counsel appeared and objected to the short notice as unreasonable. Counsel asserted that because defendant was not incarcerated and did not have a telephone, counsel would have difficulty reaching defendant to secure his presence for trial; she was attempting to locate defendant. Defendant’s counsel requested twenty-four hours to secure defendant’s presence. The trial judge gave defense counsel two choices: “You can issue an alias capias for your client or start picking a jury.” Defense counsel objected. The state requested the court to charge a continuance to the defense in view of defendant’s absence. Defendant’s counsel argued that Wimberly had not been sent a notice to appear and pointed out that defendant had been present at all other proceedings. Over defense objection, the judge charged a defense continuance, and continued the case until November 29th.
On November 29, the trial judge was ill and his cases were continued day to day by the backup judge. On December 3, the case came up for trial. The defense again objected to the defense continuance. The state argued that the defense continuance constituted a waiver of speedy trial and requested the court to reset the trial. The court granted the state’s motion.
On December 14, defendant filed a motion for discharge arguing that the case had not been brought to trial within the fifteen day window period. The trial court denied the motion.
We grant the petition for writ of prohibition. We hold that the trial court erred in charging the November 23rd continuance to the defense. Contrary to the state’s argument, defendant Wimberly did not have an obligation to be at the courthouse for trial only hours after the hearing on the notice of expiration of speedy trial rights at which the court had set the matter for trial on the following Monday. The unreasonably short notice placed defendant in the position of choosing between his right to be present at trial, Fla.R.Crim.P. 3.180, and his right to a speedy trial. See State v. Koch, 605 So.2d 519, 521 (Fla. 3d DCA 1992) (providing defendant notice one and one-half days before trial unreasonable; defendant may not be forced to choose between right to compulsory process and speedy trial right).
Prohibition granted; case remanded to discharge defendant.