681 So.2d 847 (1996)
R.E.D., a Child, Petitioner,
v.
John GNAT, Superintendent of the Duval Regional Juvenile Detention Center, Respondent.
No. 96-3586.
District Court of Appeal of Florida, First District.
October 17, 1996.
Louis O. Frost, Jr., Public Defender, Ward L. Metzger, Assistant Public Defender, Jacksonville, for Petitioner.
*848 Robert A. Butterworth, Attorney General, Jean-Jacques A. Darius, Assistant Attorney General, Tallahassee, for Respondent.
MINER, Judge.
On July 31, 1996, petitioner, a juvenile, appeared before the court for disposition in a case in which he had previously entered guilty pleas to misdemeanor battery and trespass. After a review of petitioner's pre-disposition report and comments of counsel, the court adjudicated petitioner delinquent, committed him to the Department of Juvenile Justice for placement in a high-risk residential program[1] and remanded him to secure detention pending placement. At present, it appears that the anticipated date of placement is in early December of this year.
Two hearings relating to petitioner's detention status have occurred since petitioner was remanded to secure detention awaiting placement. At the most recent of these hearings, held on August 26, petitioner's counsel objected to continued secure detention arguing that her client's secure detention then exceeded the maximum allowable post-disposition detention period of 15 days. The court overruled this objection and petitioner sought habeas corpus relief in the instant proceeding. This court denied relief by unpublished order indicating therein that this opinion would follow. Thus, we write now to explain the basis for our denial of the requested relief, trusting that such opinion may be of some value to the bench and bar.
In support of his request for habeas corpus relief, the petitioner concedes that because of his commitment to a high-risk facility he must be held in detention care or a juvenile assignment center pending placement in accordance with section 39.044(10), Florida Statutes, as amended by chapter 96-398, Laws of Florida. Petitioner argues, however, that his continued secure detention is unlawful because subparagraph (10)(a)1. provides that continued secure detention may not exceed 15 working days after commitment "except as otherwise provided in this subsection." Although acknowledging that he must be held in some form of detention pending placement, petitioner maintains that there is no exception in the above-cited statutory section providing for secure detention of an unlimited duration pending placement. He claims that for those awaiting high-risk placement, the legislature has provided the option of either detention care (which includes home, nonsecure, or secure detention) or an assignment center. Arguing that a penal statute susceptible to more than one interpretation must be construed in a manner most favorable to one accused, petitioner urges that the only reasonable construction of the statute in question is that he may not be continued in secure detention pending placement absent specific legislative authorization and that he must be placed in some other form of statutorily sanctioned detention care or in an assignment center.
While agreeing with petitioner's factual assertions regarding his prior record, the State argues that the record also shows that petitioner is an aggressive, pugnacious, ungovernable gang member, who has been expelled from or run away from school and medical and foster care facilities, and that he abuses drugs, alcohol, and household inhalants.
As to the legal issue involved, the State interprets the 15-day limitation on secure detention pending placement provided in section 39.044(10) as applying only to juveniles awaiting placement in low or moderate-risk residential programs. The mention in the statute of these specific classes of juveniles, says the State, implies the exclusion of juveniles like petitioner awaiting placement in a high-risk program. The state notes that high and maximum-risk cases are specifically addressed in paragraphs (10)(c) and (d), which mandate detention until placement or commitment.
The State further argues that the legislative history of the statute supports its position in this matter. Originally, any child awaiting placement in a residential program could only be held in secure detention for up to 15 days. In 1994, 1995, and by its most recent expression on the subject in 1996, the legislature provided that children committed to high or maximum-risk programs must be *849 held in detention or an assignment center (none of which exist in North Florida) pending placement. Lastly, the State contends that should this court interpret the statute as petitioner would have us do, such construction would require high and maximum-risk cases to be treated the same as low to moderate-risk cases. Thus, we are urged to hold that secure detention pending placement of juvenile offenders like petitioner is in accordance with the statute.
While it seems questionable that the legislature, in enacting the statutory scheme at issue here, envisioned a setting in which a juvenile would be held in secure detention for several months prior to placement, subsection 39.044(10) appears to authorize such detention in cases similar to the one at bar. Section 39.044(10)(a)1., as amended by chapter 96-398, Laws of Florida, provides the following:
(10)(a)1. When a child is committed to the Department of Juvenile Justice awaiting dispositional placement, removal of the child from detention care shall occur within 5 days, excluding Saturdays, Sundays, and legal holidays. If the child is committed to a low-risk residential program or a moderate-risk residential program, the department may seek an order from the court authorizing continued detention for a specific period of time necessary for the appropriate residential placement of the child. However, such continued detention in secure detention care may not exceed 15 days after commitment, excluding Saturdays, Sundays, and legal holidays, and except as otherwise provided in this subsection.
In turn, paragraphs (10)(c) and (d), relating to high and maximum-risk placements, provide as follows:
(c) If the child is committed to a high-risk residential program, the child must be held in detention care or in a juvenile assignment center pursuant to s. 39.0551 until placement or commitment is accomplished.
(d) If the child is committed to a maximum-risk residential program, the child must be held in detention care or in an assignment center pursuant to s. 39.0551 until placement or commitment is accomplished.
As the State argues, it appears that the 15-day rule relied on by petitioner is not applicable because he was not committed to a low or moderate-risk program. We conclude that in light of petitioner's commitment to a high-risk residential program, the more specific provision of paragraph (10)(c) controls and since it, unlike the provisions relating to low or moderate-risk placements, places no time limit on secure detention, petitioner's continuing confinement is lawful.[2] Thus, we hold that section 39.044(10)(c), which requires high-risk juveniles to be held in detention care pending placement, authorizes detention beyond 15 days. Such detention is not limited to secure detention, but secure detention is certainly included as a statutorily-authorized form of detention under these circumstances.
BOOTH and DAVIS, JJ., concur.
NOTES
[1] This placement is not at issue in this proceeding.
[2] Note that section 39.0551(2)(a), Florida Statutes, states that the purpose of a juvenile assignment center is to "ensure public safety by providing a secure residential facility to hold and process juveniles awaiting placement rather than releasing them to their homes and back into the community." This same purpose is being served by holding petitioner in secure detention while he awaits placement in a high-risk program.