711 So.2d 598 (1998)
A.W., a child, Petitioner,
v.
STATE of Florida, Respondent.
No. 98-704.
District Court of Appeal of Florida, Fifth District.
May 1, 1998.
*599 James B. Gibson, Public Defender, and James G. Whitehouse, Assistant Public Defender, Holly Hill, for Petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Belle B. Turner, Assistant Attorney General, Daytona Beach, for Respondent.
GRIFFIN, Chief Judge.
Petitioner seeks a Writ of Habeas Corpus to obtain release from secure detention pending placement in a moderate risk residential program. We grant the writ.
This case is virtually identical to another recent case decided by this court, J.M. v. State, 705 So.2d 98 (Fla. 5th DCA 1998). In this new case, the child was committed to the Department of Juvenile Justice ["DJJ"], for placement in a moderate risk facility after disposition in several cases pending against her. At the hearing, the lower court reprised briefly the child's history, which apparently included an attack on a member of the staff at the RAP program, frequent running away and her father's apparent inability to restrain her. He urged the DJJ to put her on a "high priority" for placement in a moderate risk facility and ordered her detained for a period of five days as is permitted under section 985.215(10)(a)(1), Florida Statutes (1997). That statute further provides that if a child is committed to a low or moderate risk residential program, the DJJ may seek an order from the court authorizing continued detention for an appropriate time, not to exceed fifteen days, excluding weekends and legal holidays. Notwithstanding the lower court's expressed extreme concern about what may happen to this child if she were to be released, the DJJ evidently made no strides in effecting a placement and did not request she be further detained.
At the end of the five-day detention, the lower court conducted another hearing at which he asked the DJJ the status of her placement. The DJJ representative who attended the hearing professed to have no information concerning a tentative placement date, whereupon, the court recessed the hearing and instructed the DJJ representative to find out. Upon return, the court was advised that the projected placement date was April 27. The court then "on its own motion" ordered the child to be held in detention for an additional ten days "to allow further efforts by the DJJ to place her." The court "urge[d] the DJJ to place her and to make every effort to move her up on their waiting list to place her on or before those additional days expiring." The court specified that she was only to be held in detention for these additional ten days "to allow every effort to be made to place her with those ten days." The court set another hearing to occur on March 20, 1998. On March 20, the DJJ appeared, advised that there was still no placement and the lower court released the child. The state urges that because of this release, this case is moot and should be dismissed. Counsel for A.W., however, urges that because this is a matter capable of repetition but which tends to evade review, we should issue the writ, which we elect to do.
In our earlier decision in J.M., we attempted to clearly articulate that under section 985.215(10)(a)(1), the detention of a child committed to a moderate risk facility can be extended an additional ten days beyond the original five only if requested by the DJJ. We do not know why the legislature chose to repose this discretion solely in the DJJ nor can we be sure why the DJJ has elected not to detain this child beyond the initial five days. From the record, it appears *600 that the DJJ may have seen no point to further detention if they had no intention of placing the child prior to the end of April in any event. It is also not clear from this record whether the lower court simply ignored our decision in J.M. or whether the court believed it could be distinguished on some basis. The lower court's stated emphasis on the additional detention being ordered only for purposes of placement may reflect an effort to read such an exception into the penultimate sentence in the J.M. opinion.
We recognize that the easiest course for the lower court to have taken would have been simply to order the child released and that the actions taken by the trial court appear genuinely designed to act in the best interests of this child. Nevertheless, the statutory scheme, which reposes the power to detain this child only in the DJJ, must be adhered to. There is no exception for situations where the court believes the additional time is essential, not for punishment, but for placement. The petition for habeas corpus is granted.
PETITION GRANTED.
HARRIS and THOMPSON, JJ., concur.