717 So.2d 1107 (1998)
S.B., a juvenile, Petitioner,
v.
Judy RAYFORD, Superintendent, Dade Juvenile Detention Center, Respondent.
No. 98-2121.
District Court of Appeal of Florida, Third District.
September 23, 1998.
Bennett H. Brummer, Public Defender, and John E. Morrison, Assistant Public Defender, for petitioner.
Robert A. Butterworth, Attorney General, and Linda S. Katz, Assistant Attorney General, for respondent.
Before NESBITT, COPE and SHEVIN, JJ.
On Motion for Rehearing or Clarification
PER CURIAM.
On consideration of S.B.'s motion for rehearing or clarification, the court withdraws the opinion dated August 26, 1998, and substitutes the following opinion:
S.B., a juvenile, petitions for a writ of habeas corpus, seeking immediate release from secure detention. The State confesses error.
S.B. has been committed to a level six moderate-risk residential facility. He is on the waiting list for such a program.
During the pendency of the case, S.B. was released to house arrest and to a relative. He absconded from both. After commitment, S.B. was released to a community program and absconded again. The trial court concluded that it had no alternative but to place S.B. in secure detention, awaiting placement in a level-six program or an appropriate alternative. Consequently, the trial court ordered S.B. detained in secure detention pending a further placement. S.B. has petitioned for a writ of habeas corpus.
The State has conceded that under chapter 985, Florida Statutes, S.B. is entitled to release from secure detention. The Legislature has provided that a child committed to the Department of Juvenile Justice for a moderate-risk residential program may only be held in secure detention awaiting dispositional placement for a period not to exceed fifteen days after commitment. See § 985.215(10)(a)1, Fla. Stat. (1997). Secure detention may be used as a punishment for violation of home detention, but only for five days per violation. See id. § 985.215(10)(b). Placement in a secure "consequence unit" is permissible for a violation of community control, but only for five days for a first violation and fifteen days for a subsequent violation. *1108 See id. § 985.231(1)(a)1.c(I). As the State concedes that the permissible time frames have expired, we grant the petition and direct that S.B. be released from secure detention, to such other program and on such other conditions as the court may require.
Based on the limited record before us, the trial court is confronted with waiting lists, an absence of appropriate secure placements, and short statutory time limits under chapter 958. It would be our hope that the Legislature would review the situation illustrated by this case, with a view toward providing appropriate placement alternatives and adequate statutory flexibility.
Habeas corpus granted.