729 So.2d 1011 (1999)
L.K., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2697.
District Court of Appeal of Florida, Fourth District.
April 14, 1999.
Richard L. Jorandby, Public Defender, and Margaret Good-Earnest, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Sarah B. Mayer, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We affirm the order adjudicating appellant delinquent on the charge of misdemeanor battery. At the disposition hearing, the child agreed to remain in secure detention pending placement for 20 daysfive days beyond the 15-day maximum periodin exchange for the trial court's agreement to commit the child to a level six program rather than to a higher level eight program. The state concedes, however, and we agree, that the trial court erred in sentencing appellant to 20 days in detention prior to placement in a Department of Juvenile Justice moderaterisk residential program.
Florida Statute, section 985.215(10)(a)1 provides that a child committed to the Department of Juvenile Justice for a moderaterisk residential program may only be held in secure detention awaiting dispositional placement for a period not to exceed fifteen days after commitment. See S.B. v. Rayford, 717 So.2d 1107 (Fla. 3d DCA 1998); R.E.D. v. Gnat, 681 So.2d 847 (Fla. 1st DCA 1996); Department of Health and Rehabilitative Servs., Juvenile Justice v. J.S.G., 635 So.2d 1065 (Fla. 5th DCA 1994). Notwithstanding the child's acquiescence in a longer period of detention, the plain language of the statute forbids the trial judge from ordering detention in excess of 15 days after commitment.[1]
Additionally, the state concedes that the disposition order should be corrected to reflect that the statutory maximum term for simple battery is one year and to allow appellant credit for time served in secure detention prior to her adjudication on this offense. See E.R. v. State, 584 So.2d 158 (Fla. 2d DCA 1991); Gainer v. State, 693 So.2d 719 (Fla. 3d DCA 1997); In Interest of B.A., 546 So.2d 125 (Fla. 1st DCA 1989).
*1012 Accordingly, we reverse and remand for correction of the disposition order to limit the commitment term to one year with credit for time served in secure detention against the period of commitment.
AFFIRMED in part, REVERSED in part, and REMANDED.
KLEIN, TAYLOR and HAZOURI, JJ., concur.
NOTES
[1] L.K. has already remained in secure detention beyond the statutory maximum. As a practical matter, a juvenile seeking immediate release from secure detention of a short duration pending placement can petition for a writ of habeas corpus.