PER CURIAM.
Petitioner, a juvenile, seeks a writ of habeas corpus alleging that she is being illegally detained. We agree and grant the petition.
Petitioner was adjudicated for aggravated assault and violation of probation on prior offenses of theft and burglary. On November 8, 2002, petitioner was sentenced to probation on condition that she complete a residential psychiatric program as designated by the Department of Children and Families (DCF). Under the belief that a bed would be immediately available, petitioner agreed, pending any new circumstances, to be held by the Department of Juvenile Justice (DJJ) in the Ala-chua County Juvenile Detention Center pending placement in a residential psychiatric treatment program.
Unfortunately, a bed at the residential psychiatric program was unavailable until January or February of 2003. A hearing was held on November 22, 2002, concerning petitioner’s continuing detention. Petitioner revoked her consent to remain in custody. The circuit court ordered petitioner to remain in detention until she was either found not to be a danger to herself, society, or the victim of the assault.
Petitioner now seeks a writ of habeas corpus. Section 985.215 outlines the specific statutory criteria for use of any detention. Section 985.215(10)(a) provides that when a child is committed to DJJ awaiting dispositional placement to a moderate-risk residential program, the child may be held in detention after an order of adjudication for five days unless there is a finding that DJJ will require more time for placement. J.M. v. State, 705 So.2d 98 (Fla. 5th DCA 1998). DJJ may then request an additional 10 days for a total of 15 days of postadjudication detention for commitment to a moderate-risk program. A juvenile may not be held longer than that unless the juvenile has been committed to a maximum-level program. R.E.D. v. Gnat, 681 So.2d 847 (Fla. 1st DCA 1996). The court may not extend this period even with stipulation from the child. L.K v. State, 729 So.2d 1011 (Fla. 4th DCA 1999).
We determine that petitioner is entitled to relief pursuant to section 985.215(5)(d). The legislature has clearly indicated its intent that children not be held absent high-risk requirements. Section 985.215(5)(d) provides that except as provided in paragraph (g), which is not applicable to the facts of this case, a child may not be held in secure, nonsecure or home detention care for more than 15 days following the entry of an order of adjudication. Here, the child has been adjudicated and placed on probation conditioned upon her completion of a residential psychiatric program. When a child is committed to DJJ awaiting dispositional placement, the child cannot be detained longer than 15 days. We reject the state’s argument that because petitioner was placed on probation, a lesser adjudication than commitment to a DJJ moderate-risk residential program, she is not entitled to the 15-day limitation on detention.
The petition for writ of habeas corpus is GRANTED. Petitioner shall be immediately released from secure detention.
ALLEN, C.J., BARFIELD and BROWNING, JJ., concur.