834 So.2d 893 (2002)
Kenny GOODRICH, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-3413.
District Court of Appeal of Florida, Third District.
December 18, 2002.
Rehearing Denied January 15, 2003.
George T. Pallas, P.A., and George T. Pallas, Miami, for appellant.
Robert A. Butterworth, Attorney General, and Michael J. Neimand, Assistant Attorney General, and Jason Helfant, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and RAMIREZ, J., and NESBITT, Senior Judge.

ON MOTION FOR REHEARING DENIED
RAMIREZ, J.
We deny appellant Kenny Goodrich's motion for rehearing, withdraw our prior opinion rendered on November 6, 2002, and substitute the following opinion in its stead.
Kenny Goodrich appeals the denial of his petition for writ of prohibition in which he sought to bar trial, arguing that the trial court improperly denied his motion for discharge based upon a speedy trial violation. We affirm because Goodrich was unavailable for trial during the crucial "window" time period provided for in Rule 3.191(p) of the Florida Rules of Criminal Procedure.
Goodrich was arrested on January 5, 2001 and charged with one count of misdemeanor domestic battery. The case was first set for trial on February 27, 2001. Appellee State of Florida thereafter moved to continue and the case was re-set for trial for March 20, 2001. The State again moved for a continuance and the case was re-set for trial for April 17, 2001. Both parties announced that they were ready for trial on April 11, 2001. On April 17, 2001, the trial judge continued the case.
Goodrich filed his notice of expiration of speedy trial time on April 26, 2001. The *894 fifteen day window period was to expire on May 11, 2001. At that point, the trial had apparently been previously scheduled for May 15, 2001, outside the window period. On May 9, 2001, the following transpired:
JUDGE TUNIS: Kenny Goodrich. Mr. Pallas, how are you going?
MR. PALLAS: Great.
JUDGE TUNIS: You got a call this morning about your other case?
MR. PALLAS: Yes, Judge. I was in another court.
JUDGE TUNIS: No, it's no problem. So, I think it's set for sounding tomorrow.
MR. PALLAS: That's fine.
JUDGE TUNIS: Unless you wanted the Court to reflect now that you're ready since you're here?
MR. PALLAS: No, no.
JUDGE TUNIS: You're going to come back tomorrow?
MR. PALLAS: Yes.
JUDGE TUNIS: Okay. All right.
MR. JACOBS: The State is announcing it's ready, your Honor.
MR. PALLAS: Ready tomorrow.
JUDGE TUNIS: Okay. So, you'll be in front of Judge Kelly next week. Okay. Take care.
(emphasis added). Neither counsel informed the court that the scheduled trial fell outside the window period.
Goodrich alleges that the State contacted the judge ex parte and brought to the trial court's attention that the trial was scheduled outside the window period. Defense counsel was contacted on May 9th and informed that trial was to begin at 1:00 p.m. the following day.
Despite counsel's representation that it would be "ready tomorrow," he was in fact not ready because Goodrich did not appear for trial on May 10, 2001. Counsel stated that he had not had any contact with Goodrich since May 9th. The court re-set the case for trial for the following day, May 11th. On May 10th at 5:55 p.m., a witness subpoena posted on the front door of Goodrich's home directed him to appear for trial on May 11th. Goodrich again did not appear for trial on May 11th. Goodrich's counsel attempted to contact him by telephone but could not reach him. The trial court found that Goodrich had waived his speedy trial right, and once again re-set the trial for May 15, 2001.
On May 15, 2001, Goodrich appeared and when the court inquired of his whereabouts the previous week, he answered somewhat mystically, "I was in the east," and knew only that the case was to proceed to trial on May 15, 2001. Goodrich filed his motion for discharge that day, which the trial court denied. He also filed a petition for writ of prohibition in the circuit court which was also denied.
Under rule 3.191(p)(3), Florida Rules of Criminal Procedure, a defendant must be brought to trial within fifteen days of the filing of a notice of expiration of speedy trial. Goodrich argues that the State allowed the speedy trial period to expire and failed to set the case for trial upon the filing of the notice of expiration on April 26, 2001. The fifteen day period in this case expired on May 11, 2001. We cannot agree with Goodrich's argument.
It is obvious that Goodrich is trying to reap the benefit of the erroneous setting of the trial date beyond the window period, the type of "gotcha" tactics we have frequently condemned. See Salcedo v. Asociacion Cubana, Inc., 368 So.2d 1337 (Fla. 3d DCA 1979) and its progeny.
On rehearing, Goodrich correctly points out that our original opinion confused a speedy trial without demand, covered under rule 3.191(a), and a speedy trial upon demand, encompassed in rule 3.191(b). See State v. Anderson, 781 So.2d 524, 526-27 *895 (Fla. 5th DCA 2001) (stating that under a speedy trial without demand, there is no requirement that the accused be available for trial, had diligently investigated the case and is prepared or will be prepared for trial within 5 days). This does not mean, however, that a trial date set outside the window period permits a defendant to disappear until the trial date.
In State v. Koch, 605 So.2d 519 (Fla. 3d DCA 1992), we discussed rule 3.191 extensively, also in the context of a speedy trial without demand. We affirmed the discharge of the defendant where the county court only gave the defendant one and a half days' notice of trial. In that case, however, the defendant alleged prejudice because the circuit court found that such short notice prevented the defendant from obtaining compulsory process over five defense witnesses, two of which resided outside the county. Goodrich has not alleged any prejudice. We thus refuse to extend the holding in Koch to a situation where the defendant disappears during the crucial window period and thus prevents the State from bringing him to trial in a timely manner.
Affirmed.