PER CURIAM.
Petitioners sought habeas corpus relief from this court. By unpublished order, we previously granted relief as to petitioner J.B. and stated that an opinion explaining our decision would follow.
J.B. and Q.A. are juveniles and both were committed to moderate-risk residential programs of the Department of Juvenile Justice. Section 985.215(10)(a)l., Florida Statutes (2002), states:
When a child is committed to the Department of Juvenile Justice awaiting dispositional placement, removal of the child from detention care shall occur within 5 days, excluding Saturdays, Sundays, and legal holidays. Any child held in secure detention during the 5 days must meet detention admission criteria pursuant to this section. If the child is committed to a moderate-risk residential program, the department may seek an order from the court authorizing continued detention for a specific period of time necessary for the appropriate residential placement of the child. However, such continued detention in secure detention care may not exceed 15 days after commitment, excluding Saturdays, Sundays, and legal holidays, and except as otherwise provided in this subsection.
The petitioners were not placed within five days of their commitment, nor did DJJ seek an order authorizing their continued detention. Petitioners sought habeas corpus relief.
In response to an order to show cause, DJJ asserted that the petition was moot as to Q.A., who had since been placed in a residential program. However, DJJ conceded that J.B. was entitled to the relief he sought: release to home detention with electronic monitoring until placement in the offender program ordered by the circuit court. L.K. v. State, 729 So.2d 1011 (Fla. 4th DCA 1999); S.B. v. Rayford, 717 So.2d 1107 (Fla. 3d DCA 1998); and AW v. State, 711 So.2d 598 (Fla. 5th DCA 1998).
When a juvenile is committed to a moderate-risk residential program, section 985.215(10)(a)l. clearly limits the time a juvenile may be held in secure detention care pending placement in the appropriate program. If a juvenile is not placed within five days of commitment and DJJ does not obtain an order extending the secure detention care, the juvenile is entitled to relief. Section 985.215(10)(a)2. provides that the “court must place all children who are adjudicated and awaiting placement in a residential commitment program in de *1232 tention care. Children who are in home detention care or nonseeure detention care may be placed on electronic monitoring.”
Accordingly, the petition was denied as moot as to Q.A., however, the petition for writ of habeas corpus was granted as to J.B.
ALLEN, KAHN and DAVIS, JJ., concur.