962 So.2d 969 (2007)
K.M., a child, Petitioner,
v.
STATE of Florida and Daryl Wolfe, Superintendent of the Broward Regional Juvenile Detention Center, Respondents.
No. 4D07-2238.
District Court of Appeal of Florida, Fourth District.
July 25, 2007.
*970 Howard Finkelstein, Public Defender, and Diane M. Cuddihy, Assistant Public Defender, Fort Lauderdale, for petitioner.
Bill McCollum, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for respondents.
PER CURIAM.
K.M. petitions for habeas relief from indirect criminal contempt of a valid court order. We grant the petition.
K.M. appeared before the trial court for a first appearance on a violation of probation. During the hearing, the court stated that it would take K.M. into custody for indirect criminal contempt of a valid court order, i.e., breaching the curfew set in his probation disposition. The court did not follow the procedures for an indirect criminal contempt hearing set forth in Florida Rule of Juvenile Procedure 8.150 or section 985.037, Florida Statutes. Rather, the court asked K.M.'s mother if she wanted K.M. taught a lesson, and K.M. maintained his silence on advice of counsel. The trial court reversibly erred in two respects.
First, it is clear from the hearing transcripts that a valid court order did not exist for the charge on which K.M. was held, i.e., breach of curfew, at the time K.M. was found to be in indirect contempt of court. The trial court recognized that there was no valid court order regarding the violation that was allegedly breached. The only document existing in the record was a disposition listing probation requirements. As such, K.M. could not be held in indirect criminal contempt. See M.W. v. Lofthiem, 855 So.2d 683 (Fla. 2d DCA 2003).
Second, a prosecution for indirect criminal contempt is to follow the procedural due process set forth in rule 8.150 and section 985.037. The trial court did *971 not initiate the proceeding by issuing an order to show cause, allowing reasonable time to prepare a defense, or setting a future hearing pursuant to rule 8.150(b). Also, the court explained neither the nature and consequences of the proceeding, nor the rights afforded K.M. pursuant to section 985.037(b). The court failed to provide K.M. with the due process set forth by rule and statute and so he is entitled to habeas relief and the findings of contempt are reversed. See G.C. v. State, 901 So.2d 1021 (Fla. 4th DCA 2005).
SHAHOOD, C.J., GUNTHER and TAYLOR, JJ., concur.