PER CURIAM.
 

 J.T.F., a child, petitions this court for a writ of habeas corpus, alleging that he has been illegally detained. He claims the court impermissibly stacked his detention in violation of section 985.27(l)(b), Florida Statutes (2007). We agree, but deny the petition as moot, now that J.T.F. has been subsequently placed in a moderate-risk residential commitment program.
 

 The court miscalculated the amount of time that J.T.F. could be held in secure detention following the entry of his order of commitment on October 26, 2009. As the statute explains:
 

 A child who is awaiting placement in a moderate-risk residential program must be removed from detention within 5 days, excluding Saturdays, Sundays, and legal holidays. Any child held in secure detention during the 5 days must meet detention admission criteria under this part. The department may seek an order from the court authorizing continued detention for a specific period of time necessary for the appropriate residential placement of the child. However, such continued detention in secure detention care may not exceed 15 days after entry of the commitment order, excluding Saturdays, Sundays, and legal holidays, and except as otherwise provided in this section. A child who is placed in home detention care, nonse-cure detention care, or home or nonse-
 
 *281
 
 cure detention care with electronic monitoring, while awaiting placement in a moderate-risk program, may be held in secure detention care for 5 days, if the child violates the conditions of the home detention care, the nonse-cure detention care, or the electronic monitoring agreement. For any subsequent violation, the court may impose an additional 5 days in secure detention care.
 

 Section 985.27(l)(b), Fla. Stat. (emphasis added). J.T.F. twice violated his home detention, on October 29, 2009 and November 16, 2009, and was permissibly ordered to be held in secure detention for five days for each occurrence. However, following those violations, the court then ordered J.T.F. held for additional time in secure detention until December 14, 2009, which is contrary to the statute. As the First District delineated:
 

 Section 985.215(10)(a)
 
 [1]
 
 provides that when a child is committed to [the Department of Juvenile Justice (DJJ) ] awaiting dispositional placement to a moderate-risk residential program, the child may be held in detention after an order of adjudication for five days unless there is a finding that DJJ will require more time for placement. DJJ may then request an additional 10 days for a total of 15 days of postadjudication detention for commitment to a moderate-risk program. A juvenile may not be held longer than that unless the juvenile has been committed to a maximum-level program. The court may not extend this period even with stipulation from the child.
 

 G.P. v. Bessette,
 
 831 So.2d 1256, 1257 (Fla. 1st DCA 2002) (internal citations omitted) (emphasis added). In the instant case, the release date was to be forty-nine days after the disposition order entered on October 26, 2009. Taking into account weekends and holidays, we determine the release date would have been thirty-three days after the date of disposition. “[A] child committed to the Department of Juvenile Justice for a moderate-risk residential program may only be held in secure detention awaiting dispositional placement for a period not to exceed fifteen days after commitment.”
 
 L.K. v. State,
 
 729 So.2d 1011, 1011 (Fla. 4th DCA 2009). Had J.T.F. not been transferred to a moderate-risk commitment program on November 24, 2009, his petition for habeas corpus relief would have been granted; however, the petition is now moot and is therefore denied.
 

 Petition Denied.
 

 TAYLOR, DAMOORGIAN and LEVINE, JJ., concur.
 

 [1]
 

 . Because of the renumbering of the Juvenile statutes, section 985.215(10)(a) is now section 985.27(l)(b), Florida Statutes.