PER CURIAM.
G.M., a juvenile, filed a petition for writ of habeas corpus challenging his detention. Because of the exigent circumstances, we previously granted relief by an unpublished order and now write to explain our reasoning.
Petitioner entered a plea in a delinquency proceeding and was released to home detention. Thereafter, he was adjudicated and ordered to secure detention pending placement in a moderate-risk facility. Petitioner appeared for a review hearing 29 days after disposition. At that hearing, a representative of the Department of Juvenile Justice (“DJJ”) informed the court that petitioner was on a waiting list for the moderate-risk program. DJJ asserted that one of the reasons a placement determination had not been made previously was because petitioner had not cooperated when DJJ attempted to administer psychiatric or educational questions to petitioner. The trial court ordered that petitioner continue to be held in secure detention. Petitioner’s counsel objected to the continued detention and the case was passed for review to a later date.
The petition for writ of habeas corpus argued that petitioner had been detained longer than the 15-day maximum post-commitment detention allowed under section 985.27(l)(a), Florida Statutes (2014). In response, the state argued that while normally a juvenile would be entitled to release from secure detention when DJJ failed to place him within the 15-day period, in this case petitioner had caused the delay by refusing to cooperate with commitment staff and that the trial court was correct in not rewarding this behavior. The state asserted that a party may not benefit from his or her refusal to cooperate, self-created error or purposeful delay. The state did not cite to any exception to the 15-day time limit provided in section 985.27(l)(a). Instead, the state cited to cases concerning the rights of adult criminal defendants under Florida law or the Florida Rules of Criminal Procedure. See Gonzalez v. State, 136 So.3d 1125, 1147 (Fla.2014) (“Under the invited error doctrine, a party may not make or invite error at trial and then take advantage of the error on appeal.”); Goodrich v. State, 834 So.2d 893, 894-895 (Fla. 3d DCA 2002) (“It is obvious that Goodrich is trying to reap the benefit of the erroneous setting of the trial date beyond the window period, the type of ‘gotcha’ tactic we have frequently condemned.”).
As this court has repeatedly stated, the power to place juveniles charged with a delinquent act in detention is entirely statutory in nature. 5.W. v. Woolsey, 673 So.2d 152, 154 (Fla. 1st DCA 1996). Therefore, strict compliance with the statute is required. W.C. v. Smith, 898 So.2d 1137, 1138 (Fla. 1st DCA 2005). Section 985.27(l)(a) provides:
A child who is awaiting placement in a nonsecure residential program must be *689 removed from detention within 5 days, excluding Saturdays, Sundays, and legal holidays. Any child held in secure detention during the 5 days must meet detention admission criteria under this part. The department may seek an order from the court authorizing continued detention for a specific period of time necessary for the appropriate residential placement of the child. However, such continued detention in secure detention care may not exceed 15 days after entry of the commitment order, excluding Saturdays, Sundays, and legal holidays, and except as otherwise provided in this section.
In G.P. v. Bessette, 831 So.2d 1256 (Fla. 1st DCA 2002), this court strictly construed the 15-day post-commitment secure detention maximum. See also J.T.F. v. Housel, 37 So.3d 279 (Fla. 4th DCA 2010) (providing that a child committed to DJJ for a moderate-risk residential program may only be held in secure detention awaiting dispositional placement for a period not to exceed 15 days after commitment); L.K. v. State, 729 So.2d 1011 (Fla. 4th DCA 1999) (“Notwithstanding the child’s acquiescence in a longer period of detention, the plain language of the statute forbids the trial judge from ordering detention in excess of 15 days after commitment.”). As in G.P., the post-commitment secure detention in this case clearly exceeded the statutory maximum and petitioner was entitled to be released.
We note that petitioner’s failure to cooperate with DJJ staff may have resulted in a contempt proceeding, but there was no showing that the due process procedural requirements of the statutes or rules were met. As this court noted in W.C. v. Smith, the Florida Statutes contain two separate, but identical, statutes on indirect criminal contempt in juvenile proceedings. Both sections 984.09(4)(b) (dependency actions) and 985.037(4) (delinquency actions) provide that if a child is charged with indirect contempt of court, the court must hold a hearing within 24 hours to determine whether the child committed indirect contempt of a valid court order. At the hearing, certain due process rights must be provided to the child: (i) the right to a copy of the order .to show cause alleging facts supporting the contempt charge, (ii) the right to an explanation of the nature and the consequences of the proceedings, (iii) the right to legal counsel, (iv) the right to confront witnesses, (v) the right to present witnesses, (vi) the right to have a transcript or record of the proceeding, and (vii) the right to appeal to an appropriate court. Likewise, the Florida Rules of Juvenile Procedure contain two separate, but substantially identical, rules concerning the prosecution of indirect criminal contempt. Both rule 8.150(b) (delinquency proceedings) and rule 8.285(b) (dependency proceedings) provide that a juvenile accused of indirect criminal contempt must be provided with a show cause order, arraignment, representation by counsel, opportunity for bail, opportunity to personally appeal' before the court to offer facts in defense or mitigation of the contempt, and personal presence of the contemnor in open court upon pronouncement of sentence.
Because petitioner had been detained longer than the 15-day maximum post-commitment detention allowed and there was no showing that the due process procedural requirements of the rules or statutes on contempt had been satisfied, we granted the petition for writ of habeas corpus and ordered that petitioner be immediately released from detention.
VAN NORTWICK, CLARK, and SWANSON, JJ., concur.