IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT



F.P., A CHILD,

     Petitioner,

 v.

STATE OF FLORIDA,

     Respondent.

Case No.  5D17-1115
LT No. 48-2016-CJ-002873-A-OR

_____/

Opinion filed April 21, 2017

Petition for Writ of Habeas Corpus,
A Case of Original Jurisdiction.

Robert Wesley, Public Defender, and
Derreck Quarles, Assistant Public
Defender, Orlando, for Petitioner.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Deborah A. Chance,
Assistant Attorney General, Daytona
Beach, for Respondent.


PER CURIAM

     F.P. petitions this court for issuance of a writ of habeas corpus releasing him from

the custody of the Orange County Juvenile Detention Center following the trial court's

order finding him to be in indirect contempt of court and directing that he be detained for

ten days.  Because the trial court failed to follow the mandatory procedures for indirect

contempt set forth in Florida Rule of Juvenile Procedure 8.150 and section 985.037,

Florida Statutes (2017), we grant the writ and quash the order of contempt.

We recognize that F.P.'s ten-day detention has expired and that he was released, technically rendering the petition moot. However, there are several petitions pending in our court which similarly allege that orders of indirect contempt, resulting in short-term detentions, are being entered without the courts complying with rule 8.150 and section 985.037. Therefore, "this case presents a controversy capable of repetition, yet evading review, which should be considered on its merits." *N.W. v. State*, 767 So. 2d 446, 447 n.2 (Fla. 2000); s*ee also Kelley v. Rice*, 800 So. 2d 247, 250 (Fla. 2d DCA 2001); *A.W. v. State*, 711 So. 2d 598, 599 (Fla. 5th DCA 1998). We have jurisdiction and choose to consider the merits of the petition.

"[A] prosecution for indirect criminal contempt is to follow the procedural due process set forth in [Florida Rule of Juvenile Procedure] 8.150 and section 985.037." *K.M. v. State*, 962 So. 2d 969, 970 (Fla. 4th DCA 2007); *see also G.C. v. State,* 901 So. 2d 1021, 1021 (Fla. 4th DCA 2005). Here, the trial court did not follow these procedures, resulting in a failure to provide F.P. with due process. Accordingly, we determine that F.P. was entitled to immediate release from custody. The order of detention is quashed.

PETITION GRANTED

EVANDER and EDWARDS, JJ., and JACOBUS, B.W., Senior Judge, concur.

2