PER CURIAM.
We decline to issue the requested writ of certiorari in this case. The petition seeks the discharge from secure detention of a juvenile committed to the Department of Health and Rehabilitative Services for placement in a Level Six residential program. Although the court order of January 21,1994 appears on its face plainly to violate the limitations contained in section 39.044(11), Florida Statutes, by the time application for relief was filed in this court, the order had expired by its own terms and the child was no longer in detention. The petition, therefore, is moot.
We write only to observe a disturbing tendency by some juvenile judges to ignore clearly articulated statutory limitations on the court’s power to hold a child in secure detention. Although this may be done, for the best of motives, courts cannot hold juveniles in detention for a period in excess of that allowable under Florida law. The law must be complied with until it is changed. Because the issue of secure detention of juveniles is presently the subject of intense legislative review, the precise problem at issue in this case may well not recur. Nevertheless, the refusal of a trial court to follow the clear dictates of the law is another matter entirely. As this court has made clear in other analogous contexts, mootness will not stand in the way of an appropriate remedy. See Swanson v. Allison, 617 So.2d 1100 (Fla. 5th DCA 1993).
PETITION DENIED.
DAUKSCH, GRIFFIN and DIAMANTIS, JJ., concur.