825 So.2d 1055 (2002)
W.B.T., a child, Petitioner,
v.
Enoc ESTEVES, Superintendent, Broward Regional Juvenile Detention Center, Respondent.
No. 4D02-2943.
District Court of Appeal of Florida, Fourth District.
September 18, 2002.
*1056 Alan H. Schreiber, Public Defender and Donald J. Cannorozzi, Assistant Public Defender, Fort Lauderdale, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for respondent.
KLEIN, J.
Petitioner seeks a writ of habeas corpus on the ground that he is being illegally held in secure detention for more than twenty-one days, in violation of the applicable statute. Although his petition, as with several others involving the same issue which were recently filed with this court, has become moot, we address the issue because it is arising repeatedly. Kight v. Dugger, 574 So.2d 1066, 1068 (Fla. 1990)(where otherwise moot issue is capable of repetition, it "should" be addressed on appeal).
Under section 985.215, Florida Statutes (2002), when a child is arrested, custody is transferred to a juvenile probation officer who determines whether the child should be placed in secure detention. § 985.215(1). If the child is detained, a detention hearing must be held within twenty-four hours. § 985.215(2)(j) At that hearing, the court determines if there is probable cause and if there is a need for continued detention which, with certain exceptions not applicable here, cannot exceed twenty-one days without an adjudicatory hearing. § 985.215(5)(c).
In this case, after petitioner was arrested for grand theft auto and fleeing, the juvenile probation officer determined that he qualified for secure detention and petitioner was detained. At his detention hearing the officer informed the court that petitioner had also absconded from a post-commitment probation program in an unrelated case. The officer asked the court to place petitioner in secure detention for twenty-one days for absconding, to run concurrently with twenty-one days for the grand theft auto and fleeing. The court ordered two twenty-one day detentions to run consecutively, or forty-two days.
Petitioner argues that this stacking violates section 985.215(5)(c), which provides:
Except as provided in paragraph (g), a child may not be held in secure, nonsecure, or home detention care under a special detention order for more than 21 days unless an adjudicatory hearing for the case has been commenced in good faith by the court.
Paragraph (g), referred to above, which is not involved in this case, authorizes the court to extend the twenty-one day period an additional nine days on good cause being shown by either side because the nature of the charge required additional time.
In T.O. v. Alachua Reg'l Juvenile Det. Ctr., 668 So.2d 243 (Fla. 1st DCA 1996), *1057 the court held that a juvenile was entitled to a writ of habeas corpus because the child's detention was illegal in that the child had been held in secure detention for more than the twenty-one days allowed by law. Z.R. v. State, 596 So.2d 723, 724 (Fla. 5th DCA 1992)(juvenile held in detention for more than twenty-one days was entitled to immediate release); R.L. v. Wimberly, 623 So.2d 620 (Fla. 4th DCA 1993)(the court cannot detain the child beyond the statutory twenty-one day period).
In Department of Health and Rehabilitative Services, Juvenile Justice v. J.S.G., 635 So.2d 1065 (Fla. 5th DCA 1994), the court denied as moot a juvenile's petition for writ of certiorari seeking release from secure detention, but noted:
We write only to observe a disturbing tendency by some juvenile judges to ignore clearly articulated statutory limitations on the court's power to hold a child in secure detention. Although this may be done for the best of motives, courts cannot hold juveniles in detention for a period in excess of that allowable under Florida law. The law must be complied with until it is changed.
Id. at 1066.
The detention statute does not authorize a court to stack twenty-one day detention periods consecutively, as the court has done in this case. We therefore hold that a court cannot, at one detention hearing, order secure detention for consecutive twenty-one day periods even though there are multiple delinquent acts charged. The petition is dismissed as moot.
GUNTHER and GROSS, JJ., concur.