871 So.2d 949 (2004)
R. B., Petitioner,
v.
Adonis MILES, Detention Superintendent, Respondent.
No. 2D04-979.
District Court of Appeal of Florida, Second District.
March 31, 2004.
*950 Julianne M. Holt, Public Defender, and Kay S. Murray, Assistant Public Defender, Tampa, for Petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Donna S. Koch, Assistant Attorney General, Tampa, for Respondent.
PER CURIAM.
Petitioner R.B., a juvenile, filed an emergency petition for writ of habeas corpus seeking to be discharged from secure detention. By prior unpublished order, we granted the petition and advised that this opinion would follow to explain our reasoning. We conclude that, under the relevant statutory provisions, R.B. could not be held in secure detention for more than twenty-one days by stacking secure detention periods.
R.B. was charged with battery on a school board employee. At a detention hearing on February 10, 2004, R.B. was ordered to home detention until February 29, 2004. While on home detention, R.B. was taken into custody and charged with armed robbery. R.B. appeared at a detention hearing on February 16, 2004, where he was found to qualify for secure detention on this new charge.
Rather than order R.B. to serve this new twenty-one day detention period concurrent with the thirteen days R.B. had left to serve on the original detention period, the trial court ordered that the two detention periods be served consecutively. The trial court verbally rescinded its February 10, 2004, order, and ordered R.B. to serve the remainder of that detention time (until February 29, 2004) in secure detention and then start serving an additional twenty-one days in secure detention for the new charge. This would have resulted in R.B. serving thirty-four days in secure detention following the detention hearing on the new charge.
Sections 985.215(5)(c) and (g), Florida Statutes (2003), provide that a child may not be held in secure detention for more than twenty-one days unless an adjudicatory hearing for the case has been commenced in good faith by the court or good cause has been shown that the nature of the charge requires additional time for the prosecution or defense of the case. Because the record does not show that the court commenced an adjudicatory hearing within twenty-one days or that either the State or the defense asked for additional time, we grant the petition.
Petition granted.
STRINGER, KELLY, and WALLACE, JJ., concur.