954 So.2d 93 (2007)
J.D., A Child, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-2128.
District Court of Appeal of Florida, Fifth District.
April 20, 2007.
James S. Purdy, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
*94 MONACO, J.
The sole issue presented to us in this appeal by a juvenile of a finding of indirect contempt is whether the trial court erred in imposing consecutive fifteen-day sentences for each of several violations of a behavior order. Because we conclude that the sentences violate section 985.216, Florida Statutes (2006), we reverse.
The appellant, J.D., pled not guilty to charges of burglary of a dwelling and grand theft as alleged in a petition for delinquency. A standard behavior order was put into place so that J.D. could be released to the custody of his mother pending trial. Several weeks later the trial court issued an order to show cause requiring J.D. to demonstrate why he should not be held in contempt for violating the behavior order. At the hearing on the order to show cause J.D. admitted the violation and was placed in secure detention for two days with three additional days suspended.
Several weeks later the trial court issued a second order to show cause for five more violations of the behavioral order. At the show cause hearing J.D. once again admitted the violations. The trial judge indicated that he thought he could place J.D. into secure detention for fifteen days for each of the five violations of the behavior order, for a total of seventy-five days. Defense counsel argued that J.D. could only be placed into secure detention for fifteen days, plus three additional days that had been suspended from the previous contempt. The State at the trial level appears to have agreed.[1] The trial court did not.
The court eventually placed J.D. into secure custody for fifteen days for the first violation of the behavior order, consecutive to the three days that had been earlier suspended. For the second violation the trial court placed J.D. into secure custody for an additional fifteen days consecutive to the earlier placement. He then issued three additional fifteen-day sentences for the remaining three violations, all of which were suspended. J.D. unsuccessfully sought reconsideration of this ruling by the trial court, but was able to obtain a stay pending review.
Section 985.216, Florida Statutes,[2] controls the punishment which may be meted out to a juvenile for contempt of court. Subsection (2)(a), the critical part of that statute for purposes of this appeal, reads as follows:
(2) Placement in a secure facility.  A child may be placed in a secure facility for purposes of punishment for contempt of court if alternative sanctions are unavailable or inappropriate, or if the child has already been ordered to serve an alternative sanction but failed to comply with the sanction.
(a) A delinquent child who has been held in direct or indirect contempt may be placed in a secure detention facility not to exceed 5 days for a first offense and not to exceed 15 days for a second or subsequent offense.

[Emphasis supplied]. While we are able to find no other case dealing with the stacking of periods of secure detention confinement of juveniles for contempt under this particular statute, we are convinced by cases dealing with analogous situations that stacking is not permitted.
*95 In Williams v. State, 594 So.2d 273 (Fla. 1992), for example, the trial court utilized multiple violations of probation as the basis for a departure from the presumptive guidelines. The Florida Supreme Court, however, held that a departure sentence for probation violation under these circumstances was impermissible because multiple violations of probation could not be a valid basis for departure from the sentencing guidelines.[3] The Williams court defined the term "multiple probation violations" as follows:
The use of the term "multiple probation violations" in this opinion refers to successive violations which follow the reinstatement or modification of probation rather than the violation of several conditions of a single probation order.
Williams, 594 So.2d at 274 n. 3.
Similarly, in R.B. v. Miles, 871 So.2d 949 (Fla. 2d DCA 2004), the Second District was asked to construe section 985.215(c) and (g), Florida Statutes (2003)[4], which read in pertinent part:
(c) Except as provided in paragraph (g), a child may not be held in secure . . . detention care under a special detention order for more than 21 days unless an adjudicatory hearing for the case has been commenced in good faith by the court.
. . .
(g) Upon good cause being shown that the nature of the charge requires additional time for the prosecution or defense of the case, the court may extend the time limits for detention specified in paragraph (c) . . .
The appellate court there concluded that the trial court was not permitted to stack secure detention periods for two or more offenses, and that habeas relief was appropriate because the adjudicatory hearing was not commenced within the 21 day limit.
Finally, in W.B.T. v. Esteves, 825 So.2d 1055 (Fla. 4th DCA 2002), the Fourth District construing the same statute also opined that the detention statute would not authorize a court to stack twenty-one day detention periods consecutively. More particularly, the court said that, "a court cannot, at one detention hearing, order secure detention for consecutive twenty-one day periods even though there are multiple delinquent acts charged."
In the present case we are again considering multiple violations of a single order. As in probation violation cases, and cases arising out of former section 985.215(c) and (g), the violation of a single behavior order by a juvenile can only result in a single five or fifteen-day placement in secure detention, as appropriate. The power to place juveniles charged with or found to have committed a delinquent act into detention is entirely statutory in nature. Strict compliance with the statute is required. See L.K. v. Dep't of Juvenile Justice, 917 So.2d 919, 920 (Fla. 1st DCA 2005); W.C. v. Smith, 898 So.2d 1137, 1138 (Fla. 1st DCA 2005). Here, the consecutive detention periods imposed upon J.D. were in violation of the statutory limitations, and the order entered by the trial court making that improper imposition must be reversed.
Finally, we note that the State urges that J.D. failed to preserve the issue in question for review. We reject this position. Our review of the record reflects *96 that J.D.'s contemporaneous objection to the detention and his later request for the court to revisit the imposition of detention were sufficient to preserve the error for review. J.D. was not required to use Florida Rule of Juvenile Procedure 8.135 in order to preserve his position on appeal, as argued by the State, although he was certainly free to do so. The trial court was fully put on notice that an error had occurred by the contemporaneous objection and by J.D.'s request for it to reconsider, and was given the opportunity to correct it. See Franqui v. State, 804 So.2d 1185 (Fla.2001).
REVERSED.
PALMER and ORFINGER, JJ., concur.
NOTES
[1] The transcript indicates that after the trial judge asked the State if it wished to be heard on the sentencing issue, the assistant state attorney said, "Your honor, we would support what (defense counsel) is asking for, which is a total of eighteen days."
[2] Effective January 1, 2007, this statute was renumbered as section 985.037(2).
[3] The Florida Supreme Court, however, did indicate that in the case of multiple violations of probation, sentences could be bumped one cell or guideline range for each violation.
[4] This statute is now renumbered section 985.26(2), and modified slightly.