SAWAYA, J.,
dissenting.
On November 20, 2006, M.P. was arrested for petit theft (Case No. 06^1035), and she was subsequently arrested on January 4, 2007, for possession of less than twenty grams of cannabis (Case No. 07-620). Pursuant to a plea agreement, M.P. entered a plea of no contest to each of these charges and was placed on probation, which required, among other things, that she abide by a 7:00 p.m. curfew and attend Rainwater School for Girls (“Rainwater”). Based on allegations by M.P.’s mother that she was not abiding by the curfew, on May 31, 2007, a hearing was held and after M.P. admitted that she did not comply with the curfew on at least one occasion, the trial court modified M.P.’s probation to require that M.P. remain on home detention until June 11, 2007.
On June 5, 2007, M.P.’s probation officer filed two affidavits requesting orders to show cause why M.P. should not be held in contempt of court for violating the probation order. The first affidavit requested an order to show cause why M.P. was not in contempt of court for failing to attend Rainwater on April 24, 2007. The second affidavit requested an order to show cause why M.P. was not in contempt of court for failing to attend Rainwater from May 7-11, 2007. Two corresponding orders to show cause were filed the same day, and separate show cause hearings were scheduled for June 11 and 14, 2007.
A show cause hearing was held on June 11, 2007, and M.P. was found in violation of her probation order, as alleged in the first affidavit. Apparently, a hearing was never held as to the second affidavit. In any event, in open court on the same day, the State filed two additional affidavits and corresponding orders to show cause why M.P. should not be held in contempt of court for violating her probation. The third affidavit requested an order to show cause why M.P. was not in contempt of court for failing to abide by her curfew on the evening of May 30, 2007. The fourth affidavit requested an order to show cause why M.P. was not in contempt of court for failing to attend Rainwater on June 1 and 4, 2007, and by failing to abide by court-ordered home detention on June 1 and 2, 2007. Two corresponding orders to show cause were filed the same day in open court. The show cause hearing on these *1269 orders was set for June 21, 2007. The trial court ultimately agreed to consider the violations alleged in the first and second affidavits jointly and consolidated the allegations in the third and fourth affidavits.
A final hearing was held' on June 21, 2007, regarding the allegations in the third and fourth affidavits. M.P. admitted she violated the curfew on May 30, 2007, as alleged in the third affidavit and that she did not go to school on June 4, 2007, as alleged in the fourth affidavit. Thereafter, the trial court sentenced M.P. to five days in secure detention, three days suspended, for the violations as alleged in the first affidavit and to fifteen days in secure detention, suspended, for the violations as alleged in the third and fourth affidavits. Apparently the allegations in the second affidavit were not considered; no sentence was imposed for that alleged violation.
The majority holds that the trial court violated section 985.037(2), Florida Statutes (2007), by sentencing M.P. to consecutive sentences of five and fifteen days in secure detention for multiple violations of the probation order. In essence, the majority holds, as M.P. contends, that all of the violations should have been considered collectively as a first violation, and her sentence should have been limited to five days in secure detention.
Section 985.037(2), governing the punishment of juveniles for contempt of court by placement in a secure facility, provides:
A child may be placed in a secure facility for purposes of punishment for contempt of court if alternative sanctions are unavailable or inappropriate, or if the child has already been ordered to serve an alternative sanction but failed to comply with the sanction. A delinquent child who has been held in direct or indirect contempt may be placed in a secure detention facility not to exceed 5 days for a first offense and not to exceed 15 days for a second or subsequent offense.
§ 985.037(2), Fla. Stat. (2007) (emphasis added). The majority contends that this court’s interpretation of section 985.037(2) in J.D. v. State, 954 So.2d 93 (Fla. 5th DCA 2007), compels reversal. I disagree. I believe that the trial court’s sentence is consistent with this statute and our decision in J.D.
In J.D., while the child was awaiting trial for burglary of a dwelling and grand theft, the trial court released him into parental custody and issued a standard behavior order. The trial court subsequently issued an order to show cause why J.D. should not be held in contempt of court for violating the behavior order. J.D. admitted to the violation and the trial court sentenced him to five days’ secure detention, three days suspended. Shortly thereafter, the trial court issued a second order to show cause for five additional violations of the behavior order. Following a hearing, the trial court sentenced J.D. to the three days’ secure detention that had been previously suspended for the first order to show cause, consecutive to fifteen days for the first new violation, and fifteen days for the second new violation. The trial court also issued three additional fifteen-day sentences, suspended, for each of the remaining three violations. Id. at 94.
The issue before this court in J.D. was whether the trial court erred in imposing consecutive fifteen-day sentences for each of the several violations of J.D.’s behavior order contained in the second order to show cause. This court concluded that the sentence violated the limitations on secure detention of a juvenile for contempt of court as enumerated in section 985.037(2), Florida Statutes (2007) (at that time, section 985.216, Florida Statutes (2006)). In *1270 considering the second order to show cause, the trial court was limited by section 985.037(2) to sentence J.D. to fifteen days’ secure detention, consecutive to the three days suspended from the first order, for a total of eighteen days’ secure detention. This court held that the trial court erred in treating each of the violations alleged in the second order individually instead of viewing them collectively as J.D.’s second violation. J.D., 954 So.2d at 95.
Here, similar to J.D., the trial court held a hearing on June 11 regarding the violation contained in the first affidavit filed on June 5 and found that M.P. violated that particular condition of probation. The trial court held another hearing on June 21 regarding the separate violations that occurred subsequent to the violation that was the subject of the June 5 affidavit. After hearing the admissions by M.P., the trial court found that M.P. did violate her probation as alleged in the third and fourth affidavits. Then the trial court proceeded to sentencing. As to the first offense, the trial court sentenced M.P. to five days’ secure detention with three days suspended, which is consistent with the provisions of section 985.037(7) requiring that placement in secure detention may not “exceed five days for the first offense ....” As to the subsequent offenses, the trial court sentenced M.P. to fifteen days’ secure detention with all fifteen days suspended, which is consistent with the provisions of section 985.037(2) requiring that placement in secure detention may not “exceed 15 days for a second or subsequent offense.” This sentence is also consistent with our decision in J.D., which prohibits stacking of sentences for the second or subsequent offenses arising out of violations of the same probation order. Because the sentence imposed on M.P. is consistent with both the statute and our holding in J.D., I believe that affirmance is required.
Moreover, based on the facts and circumstances of the instant case, I find nothing in the provisions of the statute or in J.D. that require these violations, which occurred at different times and were the subject of different evidentiary hearings, to be treated as a single violation as the majority seems to contend. Indeed, this court in J.D. cited to the decision in W.B.T. v. Esteves, 825 So.2d 1055 (Fla. 4th DCA 2002), and quoted from that decision as follows: “ ‘[A] court cannot, at one detention hearing, order secure detention for consecutive twenty-one day periods even though there are multiple delinquent acts charged.’ ” J.D., 954 So.2d at 95 (quoting W.B.T., 825 So.2d at 1057) (emphasis added). I also note that this court in J.D. quoted that portion of the decision in Williams v. State, 594 So.2d 273, 275 n. 3 (Fla.1992), wherein the supreme court defined “multiple probation violations” as referring to “successive violations which follow the reinstatement or modification of probation rather than the violation of several conditions of a single probation order.” J.D., 954 So.2d at 95. If we follow the reasoning of this court in J.D., the sentence imposed on M.P. is appropriate because separate hearings were held and, contrary to the assertion in the majority opinion, one of the violations occurred after M.P.’s probation was modified.[1]
I note that the First District Court in K.Q.S. v. State, 975 So.2d 536 (Fla. 1st DCA), review granted, 984 So.2d 519 (Fla.2008), rendered an opinion stating that this court’s decision in J.D. is inconsistent with *1271 the plain meaning of the provisions in section 985.037(2). Of the two views expressed in K.Q.S. and J.D. regarding the proper interpretation of the statute, like Judge Lawson, I believe that KQ.S. adopts the better view. In any event, because I believe that my interpretation and application of this court’s decision in J.D. is proper under the circumstances, I respectfully dissent.

. Admittedly, I have given the opinion in J.D. a very strict and literal interpretation, similar to what this court may have attempted to do in S.P. v. State, 985 So.2d 651 (Fla. 5th DCA 2008).